IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

FILED BY CLERK

SEP 30 2008

COURT OF APPEALS
DIVISION TWO

BOBBY G.,                             )
                                      )        2 CA-JV 2008-0009
                    Appellant,        )        DEPARTMENT B
                                      )
        v.                            )        O P I N I O N
                                      )
ARIZONA DEPARTMENT OF                 )
ECONOMIC SECURITY and                 )
ALLISON G.,                           )
                                      )
                    Appellees.        )
                                      )

APPEAL FROM THE SUPERIOR COURT OF PIMA COUNTY

Cause Nos. 18237399 and 17791100

Honorable Stephen M. Rubin, Judge Pro Tempore

AFFIRMED

Frederick S. Klein                                              Tucson
                                                Attorney for Appellant


Terry Goddard, Arizona Attorney General
  By Pennie J. Wamboldt                                         Tucson
                                              Attorneys for Appellee Arizona
                                             Department of Economic Security


Thea M. Gilbert                                                 Tucson
                                                   Attorney for Minor


E S P I N O S A, Judge.

¶1        Appellant Bobby G. challenges the juvenile court's order terminating his parental rights to his daughter, Allison, on grounds of abandonment and abuse under A.R.S. § 8-533(B)(1) and (2). He contends the court erroneously denied his motion to dismiss the petition to terminate his parental rights and that the court's factual findings regarding both the grounds for termination and Allison's best interests were not supported by sufficient evidence. "[W]e will affirm a severance order unless it is clearly erroneous." *Jesus M. v. Ariz. Dep't of Econ. Sec.*, 203 Ariz. 278, ¶ 4, 53 P.3d 203, 205 (App. 2002). We "accept the juvenile court's findings of fact unless no reasonable evidence supports those findings." *Id*. But we review issues of law, including "a juvenile court's interpretation of a statute de novo." *Kimu P. v. Ariz. Dep't of Econ. Sec.*, 218 Ariz. 39, ¶ 13, 178 P.3d 511, 515 (App. 2008).

## Facts and Procedural Background

¶2        In April 2006, the Arizona Department of Economic Security (ADES) filed a petition alleging that Allison and her two brothers were dependent children pursuant to A.R.S. § 8-201(13).[1] Child Protective Services reported to the juvenile court that the children's mother had an "extensive history of criminal activity and poly-substance abuse"; she had given power of attorney over all three children to her former employers in March 2006, left Allison and the older brother with them, and abandoned the younger brother at a

---

[1] The brothers have different fathers, and they are not parties to this appeal.

different location. Initially, Bobby's whereabouts were unknown, but ADES eventually located him living in Indiana.

¶3        In June 2006, Bobby admitted allegations in an amended dependency petition that he had failed to support Allison and had been unable to maintain a meaningful relationship with her and protect her from her mother's neglect and substance abuse. The amended petition included Bobby's claim that Allison's mother had stopped allowing him to exercise his court-ordered visitation "after November 2001" and had moved "subsequent to March 2002, . . . leaving him unaware of [Allison's] and the mother's whereabouts and circumstances." The juvenile court adjudicated Allison dependent and approved a plan for family reunification. ADES offered reunification services to Bobby, and it is undisputed that Bobby complied with all aspects of the case plan.

¶4        At the permanency planning hearing in April 2007, ADES recommended the juvenile court allow Bobby additional time to establish a relationship with Allison and expressed the opinion that no legal grounds for severance existed. ADES requested a ninety-day continuance of the permanency planning hearing and "discretion to begin telephone contact and face-to-face contact between [Bobby] and [Allison]." Allison's therapist had opined that Allison was not yet ready for such contact, but ADES told the court it was "willing to find another therapist to facilitate family therapy."

¶5        Allison's counsel, however, urged the case plan be changed to severance and adoption. She argued that severance was appropriate based on abandonment and abuse and

3

informed the juvenile court she would be filing a petition to terminate Bobby's parental rights. The court set a continued permanency planning hearing for May 15, 2007. On May 7, 2007, Allison's counsel filed a severance petition pursuant to A.R.S. § 8-533.

¶6 Bobby moved to dismiss the petition, arguing that, because the permanency planning hearing had begun, a petition for termination under § 8-533 was precluded, and the only method of proceeding to terminate his parental rights was through a motion filed pursuant to court order under A.R.S. § 8-862. The juvenile court determined "the existence of a parallel dependency action [did] not preclude the filing of a Petition for Termination of Parent-Child Relationship." It consolidated the termination and dependency proceedings, and it consolidated the contested termination hearing with the remainder of the permanency planning hearing. After the combined hearing, the court terminated Bobby's parental rights, and this appeal followed.

**Discussion**

¶7 Bobby first argues the juvenile court erred by denying his motion to dismiss Allison's termination petition. As he did below, he contends that a petition for termination of parental rights under § 8-533, as opposed to a motion for termination pursuant to § 8-862(D)(1), may not be filed after a permanency hearing has begun. And he contends that "[t]he interpretation the trial court placed on the Arizona statutes, viewing the two tracks for severance as not mutually exclusive, would violate a parent's rights to due process and equal protection of the law." We disagree.

4

**¶8** Section 8-533(A) states: "[a]ny person or agency that has a legitimate interest in the welfare of a child . . . may file a petition for the termination of the parent-child relationship." The statute does not expressly prohibit the filing of a termination petition after a permanency planning hearing has begun in an ongoing dependency proceeding. Bobby contends the legislature intended such a prohibition when it enacted provisions for motions to terminate parental rights under the circumstances described in § 8-862(D)(1). Section 8-532(C), A.R.S., states: "This article does not apply to termination proceedings conducted pursuant to chapter 10, article 4 of this title [§§ 8-861 through 8-864]." Bobby interprets the provision to mean that "the petition for termination of parent-child relationship does not apply and may not be used where termination is sought once a permanency hearing has begun."

**¶9** "When interpreting a statute, our primary purpose is to 'effectuate legislative intent,' and a statute's plain language is the 'best evidence of that intent.'" *In re Maricopa County Mental Health No. MH 2006-000490*, 214 Ariz. 485, ¶ 10, 154 P.3d 387, 390 (App. 2007), *quoting In re Maricopa County Mental Health No. 2001-001139*, 203 Ariz. 351, ¶ 12, 54 P.3d 380, 382 (App. 2002); *see also Kimu P.*, 218 Ariz. 39, ¶ 16, 178 P.3d at 515. The same principles that apply to statutory construction apply to the interpretation of procedural rules promulgated by our supreme court. *See Manuel M. v. Ariz. Dep't of Econ. Sec.*, 218 Ariz. 205, ¶¶ 16, 18, 181 P.3d 1126, 1131 (App. 2008). Bobby's interpretation of § 8-532(C) is simply unwarranted by the plain meaning of the words the legislature used. Section 8-532

states: "This article [article 2] does not apply to termination proceedings conducted pursuant to chapter 10, article 4 of this title, except to the extent prescribed in § 8-863." It does not state that a party is prohibited from filing a petition pursuant to article two once any proceedings pursuant to chapter ten, article four have begun. Moreover, *termination* proceedings pursuant to chapter ten of article four are only begun once a court has ordered ADES, the child's attorney, or the guardian ad litem, to file a motion for termination of parental rights. *See* A.R.S. § 8-862(D)(1). That did not happen in this case. Thus, by its own terms, § 8-532(C) did not prohibit application of § 8-533 allowing "[a]ny person or agency that has a legitimate interest in the welfare of a child" to file a petition for termination of parental rights.[2]

¶10   Bobby also asserts that Rule 64(B), Ariz. Juv. R. Ct., confirms his interpretation of § 8-532(C). Rather than support Bobby's interpretation, however, the plain language in Rule 64(B) actually refutes it. Bobby relies on the portion of the rule that states: "If the child at issue is not a dependent child or is a dependent child who was the subject of a dependency petition filed prior to July 1, 1998, the petitioner shall file a petition for termination of parental rights, pursuant to A.R.S. § 8-534." But he ignores the final sentence of the rule: "Nothing in this rule shall preclude the filing of a petition in those cases where the child was the subject of a dependency petition filed after July 1, 1998." Taken together,

---

[2]We note, however, that the juvenile court here correctly consolidated the proceedings pursuant to the petition for termination with the ongoing dependency proceedings.

the statutory provision and supreme court rule make clear that Arizona's statutes provide two procedurally distinct paths toward termination of parental rights, but they do not prohibit the filing of a petition for termination at any time before a motion for termination is ordered. *Cf. Kimu P.*, 218 Ariz. 39, ¶¶ 14, 17, 178 P.3d at 515-16 ("Our juvenile statutes provide for two separate procedural mechanisms by which a termination of parental rights may be obtained" and, based on the plain language of the statutes, appropriate parties have the option of pursuing termination by petition despite previous initiation of an ongoing dependancy proceeding.).

¶11        Bobby additionally argues that "[t]he interpretation the trial court placed on the Arizona statutes, viewing the two tracks for severance as not mutually exclusive, would violate a parent's rights to due process and equal protection of the law." He also contends "[t]he statutory interpretation taken by the trial court . . .would deprive [him] in this case of the right to be given the opportunity to preserve a relationship with his daughter at the whim of any private party who chooses to file a private petition." But as we have explained above, the juvenile court correctly interpreted and applied the statute. Moreover, § 8-862(D)(1) incorporates the grounds for termination provided in § 8-533, and neither § 8-533 nor federal law requires that a parent be provided reunification services before the court may terminate the parent's rights on the ground of abandonment. *See Toni W. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 61, ¶¶ 7-9, 993 P.2d 462, 465 (App. 1999). In any event, ADES did provide Bobby with reunification services. And, Bobby concedes that Allison "[c]learly . . . could have filed

a petition for termination . . . prior to a dependency proceeding being brought." Thus, the fact that Allison, a private party, is the petitioner as opposed to ADES, an agency of the state, is a distinction without a difference. We find no error in the juvenile court's denial of Bobby's motion to dismiss.

¶12 Bobby next contends the juvenile court's factual findings as to the grounds for termination are not supported by sufficient evidence. Because we find there was sufficient evidence for the court to conclude that Bobby abandoned Allison, we need not decide whether the evidence was also sufficient to support the termination of Bobby's parental rights on the ground of abuse pursuant to § 8-533(B)(2). *See Michael J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 246, ¶ 12, 995 P.2d 682, 685 (2000) ("To justify termination of the parent-child relationship, the trial court must find, by clear and convincing evidence, at least one of the statutory grounds set out in section 8-533 . . . ."); *Jesus M. v. Ariz. Dep't of Econ. Sec.*, 203 Ariz. 278, ¶ 3, 53 P.3d 203, 205 (App. 2002) ("If clear and convincing evidence supports any one of the statutory grounds on which the juvenile court ordered severance, we need not address claims pertaining to the other grounds.").

¶13 Bobby argues that "§ 8-531(1) requires, at a minimum, that a parent both fail to provide reasonable support and fail to maintain regular contact with a child in order to support a finding of abandonment." He contends the juvenile court "made no finding that [he had] failed to provide reasonable support to [Allison]." He also contends "the evidence presented at the severance hearing demonstrated that no year passed without [Bobby's]

8

contributing to [Allison's] support, either through direct payments, wage assignments, or attachments of income tax refunds or a combination thereof." But "the juvenile court will be deemed to have made every finding necessary to support [its] judgment." *In re Maricopa County Juv. Action No. JS-8287*, 171 Ariz. 104, 111, 828 P.2d 1245, 1252 (App. 1991), *quoting In re Pima County Sev. Action No. S-1607*, 147 Ariz. 237, 238, 709 P.2d 871, 872 (1985). And as Bobby acknowledges, a parent's "[f]ailure to maintain a normal parental relationship with the child without just cause for a period of six months constitutes prima facie evidence of abandonment." A.R.S. § 8-531(1).

¶14 Bobby asserts that just cause existed for his failure to maintain a relationship with Allison for nearly half of her life because Allison's mother concealed her from him. But the court clearly rejected Bobby's claim of concealment, finding his assertion that the mother had been hiding Allison from him "without merit" and noting the mother had continued to reside and work in Tucson. The court also noted the lack of documentary evidence that Bobby "did a single thing to locate his child for a period of four years" and found that Bobby's "efforts to contact Allison . . . [had been] minimal at best." *See Jesus M.*, 203 Ariz. 278, ¶ 4, 53 P.3d at 205 ("The juvenile court, as the trier of fact in a termination proceeding, is in the best position to weigh the evidence, observe the parties, judge the credibility of witnesses, and make appropriate findings."). In its minute entry, the court accurately described more than sufficient evidence that Bobby had failed to "provide reasonable support and to maintain regular contact" with Allison for a period of approximately four years.

9

Although Bobby challenges the court's ultimate determination, he does not assert the court misstated the evidence. Thus, we affirm the court's finding that Bobby abandoned Allison.

¶15 Finally, Bobby contends the evidence was insufficient to support a finding that termination of his parental rights was in Allison's best interests. A best-interests determination need only be supported by a preponderance of the evidence. *See Kent K. v. Bobby M.*, 210 Ariz. 279, ¶ 22, 110 P.3d 1013, 1018 (2005). Evidence that a child will derive "an affirmative benefit from termination" is sufficient to satisfy that burden, and "[t]he existence of a current adoptive plan is one well-recognized example of such a benefit." *Ariz. Dep't of Econ. Sec. v. Oscar O.*, 209 Ariz. 332, ¶ 6, 100 P.3d 943, 945 (App. 2004) (citations omitted). But, a "specific adoption plan" is not a prerequisite to termination; the juvenile court may rely on evidence that the child is adoptable and the existing placement is meeting the child's needs. *In re Maricopa Juv. Action No. JS-501904*, 180 Ariz. 348, 352, 884 P.2d 234, 238 (App. 1994). In this case, it is uncontested that the foster parents desire to adopt Allison and her brothers and that Allison is thriving in their care. The court found that Allison and her older brother "are closely bonded" and that it would not be "in Allison's best interest that she be separated from [him]." Bobby essentially contends the court ignored evidence that supported a finding that termination was not in Allison's best interests. But nothing in the record suggests the court did not consider all of the evidence presented. And, as noted above, the court is in the best position to weigh conflicting evidence. *See Jesus M.*,

10

203 Ariz. 278, ¶ 4, 53 P.3d at 205. Thus, we have no basis for disturbing the court's finding that termination of Bobby's parental rights was in Allison's best interests.

**Disposition**

¶16 For the reasons stated herein, we affirm the juvenile court's order terminating Bobby's parental rights to Allison.

_____
PHILIP G. ESPINOSA, Judge

CONCURRING:


_____
PETER J. ECKERSTROM, Presiding Judge


_____
GARYE L. VÁSQUEZ, Judge