NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

MARLON R., *Appellant,*

*v.*

DEPARTMENT OF CHILD SAFETY, K.R., J.R., J.R., A.R., *Appellee*s.

No. 1 CA-JV 15-0192
FILED 11-24-2015

Appeal from the Superior Court in Maricopa County
No. JD 27517
The Honorable Connie Contes, Judge

**AFFIRMED**

COUNSEL

John L. Popilek, PC, Scottsdale
By John L. Popilek
*Counsel for Appellant*

Arizona Attorney General's Office, Tucson
By Laura J. Huff
*Counsel for Appellee Department of Child Safety*

## MEMORANDUM DECISION

Presiding Judge Margaret H. Downie delivered the decision of the Court, in which Judge Patricia A. Orozco and Judge Maurice Portley joined.

D O W N I E, Judge:

**¶1**        Marlon R. ("Father") appeals the termination of his parental rights to his three children ("the children").[1]  For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

**¶2**        In December 2013, the Department of Child Safety ("DCS") took custody of the children, who ranged in age from three to five.[2] Father was incarcerated, and Mother was transient, sometimes sleeping with the children in a public park; the children had not bathed or changed clothes in two weeks and were infested with bed bugs.  Mother admitted using drugs, and there were indications she had sexually abused the children.  The children were found dependent as to Father in December of 2013.

**¶3**        DCS determined that all three children had special needs requiring "constant supervision and care," and it found placements capable of meeting those needs.  DCS encouraged Father to participate in available services while incarcerated and to send letters or gifts to the children via the agency, but he did not do so.

**¶4**        In February 2015, Father was released from prison. He failed to comply with required drug testing and expressed no interest in services. In May 2015, the superior court terminated Father's parental rights on the grounds of abandonment. *See* Ariz. Rev. Stat. ("A.R.S.")  §§ 8-

---

[1]     The underlying proceedings included a fourth child, but that child is not Father's.  The mother of the four children ("Mother") is not a party to this appeal.

[2]     The Arizona Department of Economic Security originated this action but was later replaced by the Department of Child Safety.  *See* S.B. 1001, 51st Leg., 2d Spec. Sess. (Ariz. 2014).

531(1), -533(B)(1). Father appealed, and we have jurisdiction pursuant to A.R.S. §§ 8-235(A), 12-120.21(A)(1), -2101(A)(1), and Arizona Rule of Procedure for the Juvenile Court 108(B).

## DISCUSSION

**¶5** Father does not contest the abandonment finding, arguing only that DCS "fell far short of proving that severance of the relationship between Father and his three children would be in [their] best interests." Father contends no adoptive placement was immediately available for all three children and that DCS "could provide no evidence as to why the children . . . would be harmed in any manner by spending some time with Father as he participated in services."

**¶6** Before terminating parental rights, the superior court must find by a preponderance of the evidence that severance is in the children's best interests and must state "how the child[ren] would benefit from a severance *or* be harmed by the continuation of the relationship." *Kent K. v. Bobby M.,* 210 Ariz. 279, 284 (2005); *Maricopa Cty. Juv. Action No. JS–500274,* 167 Ariz. 1, 5 (1990). The court made the necessary findings here, stating, in pertinent part:

> Termination of the relationship would benefit the children because it would further the plan of adoption, which would provide the children with permanency and stability. Two of the children are in an adoptive placement which is meeting their needs. The Department hopes to place the other two children in the same adoptive home. If this placement is unable to adopt, the children, due to their ages, are considered adoptable and another adoptive placement could be located.

**¶7** Contrary to Father's suggestion, a specific adoption plan is not a prerequisite to a severance order. *See Bobby G. v. Ariz. Dep't of Econ. Sec.,* 219 Ariz. 506, 511, ¶ 15 (App. 2008). The court may rely on evidence that a child is adoptable and that an existing placement is meeting the child's needs. *Id.*; *see also Raymond F. v. Ariz. Dep't of Econ. Sec.,* 224 Ariz. 373, 379, ¶ 30 (App. 2010) (court may consider whether: (1) an adoptive placement is available; (2) the current placement is meeting children's needs; and (3) the children are adoptable). Moreover, the two oldest children *are* in an adoptive placement, and the youngest child is adoptable.

¶8        Father argues he had a "close and loving relationship" with the children before his incarceration, but he has had no contact with them since September 2011 and has not challenged the determination that he abandoned them. We reject Father's implicit invitation to reweigh the evidence that was before the superior court. *See Jesus M. v. Ariz. Dep't of Econ. Sec.*, 203 Ariz. 278, 282, ¶ 12 (App. 2002) (Resolution of "conflicts in the evidence is uniquely the province of the juvenile court as the trier of fact; we do not re-weigh the evidence on review."). We will accept the court's findings of fact if they are supported by reasonable evidence, s*ee Christy C. v. Ariz. Dep't of Econ. Sec.*, 214 Ariz. 445, 449, ¶ 12 (App. 2007), and "we view the evidence and reasonable inferences to be drawn from it in the light most favorable to sustaining the court's decision," *Jordan C. v. Ariz. Dep't of Econ. Sec.*, 223 Ariz. 86, 93, ¶ 18 (App. 2009). Applying these standards of review, we find no error in the superior court's determination that termination of Father's parental rights was in the children's best interests.

**CONCLUSION**

¶9    We affirm the order terminating Father's parental rights.



Ruth A. Willingham · Clerk of the Court
FILED: ama