NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

CARLOS O., *Appellant*,

*v.*

DEPARTMENT OF CHILD SAFETY, C.B., *Appellees*.

No. 1 CA-JV 15-0338
FILED 5-3-2016

Appeal from the Superior Court in Maricopa County
No. JD502598
The Honorable Janice K. Crawford, Judge

**AFFIRMED**

COUNSEL

Vierling Law Offices, Phoenix
By Thomas A. Vierling
*Counsel for Appellant Father*

Arizona Attorney General's Office, Phoenix
By JoAnn Falgout
*Counsel for Appellee Department of Child Safety*

---

**MEMORANDUM DECISION**

Judge Maurice Portley delivered the decision of the Court, in which Presiding Judge Jon W. Thompson and Judge Patricia K. Norris joined.

---

**P O R T L E Y**, Judge:

¶1          Carlos O. ("Father") challenges the order terminating his parental rights to C., his child.  He argues he was denied fundamentally fair proceedings, and that there was insufficient evidence to support termination.  For the following reasons, we affirm.

### FACTS[1] AND PROCEDURAL HISTORY

¶2          Father and Dina Avelar ("Mother") are the biological parents of C., who was born in 2008.  In 2010 Father was deported to Mexico.  After the Department of Child Safety[2] ("the Department") received reports that Mother was abusing drugs and C. was being left with a caregiver who had a history of sexual abuse, the child was removed from Mother's care.

¶3          The Department filed a dependency petition alleging Father had abandoned, neglected, and failed to protect C.  While the Department was attempting to serve Father by publication, the case plan was changed to severance and adoption, and the Department subsequently filed a motion to terminate Father's parental rights for abandoning C.  After service on Father was completed, the juvenile court held a concurrent contested dependency and severance hearing, and Father testified by telephone.  The court found C. dependent, and also terminated Father's parental rights.[3]  Father appeals, and we have jurisdiction over his appeal

---

[1] "We view the facts in the light most favorable to upholding the juvenile court's order." *Ariz. Dep't of Econ. Sec. v. Matthew L.*, 223 Ariz. 547, 549, ¶ 7, 225 P.3d 604, 606 (App. 2010) (citation omitted).

[2] The child was removed by Child Protective Services (CPS) of the Arizona Department of Economic Security, but CPS was subsequently renamed and reorganized as the Department of Child Safety.  *See* S.B. 1001, 51st Leg., 2d Spec. Sess. (Ariz. 2014).

[3] The child had been found dependent as to Mother in 2012, and her parental rights were terminated in 2013.

under Arizona Revised Statutes ("A.R.S.") sections 8-235, 12-120.21(A)(1), and -2101(A)(1)[4].

## DISCUSSION

**¶4**　　　Father argues there was insufficient evidence to prove abandonment, or that termination was in C.'s best interests.  He also argues his due process rights were violated because his parental rights were terminated before the court received the results of a home-study[5] completed in Mexico.[6]

**¶5**　　　A juvenile court may terminate parental rights if any one of the statutory grounds for termination is proven by clear and convincing evidence, *Christy C. v. Ariz. Dep't of Econ. Sec.*, 214 Ariz. 445, 449, ¶ 12, 153 P.3d 1074, 1078 (App. 2007) (citation omitted), and if the Department demonstrates that termination is in the child's best interests by a preponderance of the evidence.  *Matthew L.*, 223 Ariz. at 549, ¶ 7, 225 P.3d at 606 (citation omitted).  Because the juvenile court, as the trier of fact, "is in the best position to weigh the evidence, observe the parties, judge the credibility of witnesses, and make appropriate findings," *Jesus M. v. Ariz. Dep't of Econ. Sec.*, 203 Ariz. 278, 280, ¶ 4, 53 P.3d 203, 205 (App. 2002) (citation omitted), we will accept the court's findings of fact unless no reasonable evidence supports those findings, and will only disturb its determination if it is clearly erroneous.  *Id.* (citation omitted).  A determination is clearly erroneous if it is unsupported by "any relevant evidence from which a reasonable mind might draw a conclusion." *Mealey v. Arndt*, 206 Ariz. 218, 221, ¶ 12, 76 P.3d 892, 895 (App. 2003) (citation omitted).

---

[4] We cite the current version of the statute unless otherwise noted.

[5] Although the parties refer to the home-study as an Interstate Compact on the Placement of Children ("ICPC") home-study, Mexico is not a party to the Compact.  *See* A.R.S. § 8-548, art. 9.

[6] Father does not challenge the dependency determination, and has thus waived that claim on appeal.  *State v. Carver*, 160 Ariz. 167, 175, 771 P.2d 1382, 1390 (1989) (failure to argue claim constitutes waiver and abandonment of that claim) (citations omitted).

**I.     Abandonment**

¶6          The juvenile court terminated Father's rights based on abandonment.  *See* A.R.S. § 8-533(B)(1).  Abandonment is:

> the failure of a parent to provide reasonable support and to maintain regular contact with the child, including providing normal supervision. Abandonment includes a judicial finding that a parent has made only minimal efforts to support and communicate with the child. Failure to maintain a normal parental relationship with the child without just cause for a period of six months constitutes prima facie evidence of abandonment.

A.R.S. § 8-531(1).  Abandonment is not measured by a parent's subjective intent, but by the parent's conduct.  *Michael J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 246, 249, ¶ 18, 995 P.2d 682, 685 (2000).  "What constitutes reasonable support, regular contact, and normal supervision varies from case to case," *id.* at 250, ¶ 20, 995 P.2d at 686 (internal quotes and citations omitted), and therefore "questions of abandonment . . . are questions of fact for resolution by the trial court," *Maricopa Cty. Juv. Action No. JS-500274*, 167 Ariz. 1, 4, 804 P.2d 730, 733 (1990) (citation omitted).  When a father cannot exercise traditional methods of bonding with his child due to the circumstances, "he must act persistently to establish the relationship however possible and must vigorously assert his legal rights to the extent necessary." *Michael J.*, 196 Ariz. at 250, ¶ 22, 995 P.2d at 686 (internal quotes and citation omitted).

¶7          Although Father argues the evidence was insufficient to support a finding that he abandoned C., the record undermines his argument.  At the time C. was taken into custody, Father had been deported from the U.S., was residing in Mexico, and had not been consistently involved in C.'s life for several years.[7]  He did not attempt to contact C., did not send cards, gifts, or letters, or attempt to telephone the child, nor did he provide any support.  Mother notified Father when C. was taken into care, but he made no attempt to contact the Department until the week before the severance trial, when he mailed in a one-page letter addressed to C. and written in Spanish, with three pictures.

¶8          The record reflects that Father participated in services in 2015 with DIF, the Mexican counterpart of the Department of Child Services.  Although living in Mexico made it difficult for Father to maintain a parent-

---

[7] Father last saw C. in 2009.

child relationship with C., he failed to act to assert his legal rights or establish a parent-child relationship by waiting nearly three years after learning of C.'s removal to attempt to make contact or participate in services. Consequently, the evidence supports the juvenile court's finding that Father abandoned C.

## II.     Best Interests of the Child

¶9          Father also argues the evidence does not support the finding that termination was in C.'s best interests, given that his relationship with C. could have been "further nurtured and developed" with the assistance of the Department's services. We disagree.

¶10          The Department may show that termination is in a child's best interests by demonstrating that the child "derive[s] an affirmative benefit from termination or incur[s] a detriment by continuing in the relationship." *Ariz. Dep't of Econ. Sec. v. Oscar O.*, 209 Ariz. 332, 334, ¶ 6, 100 P.3d 943, 945 (App. 2004). Evidence that the child is adoptable and the existing placement is meeting the child's needs is sufficient to meet this burden. *See Bobby G. v. Ariz. Dep't of Econ. Sec.*, 219 Ariz. 506, 511, ¶ 15, 200 P.3d 1003, 1008 (App. 2008).

¶11          The caseworker testified that termination was in C.'s best interests because C. was adoptable, and had been placed with his adult brother and sister-in-law, who had already adopted C.'s sister, and wanted to adopt him. The caseworker also testified that it would be detrimental to move the child from his three-year placement, given that he was attached to his caregivers, has special needs, was a victim of abuse, and needed a stable and secure placement, which he was receiving and which Father could not provide. As a result, the evidence supports the finding that termination was in C.'s best interests.

## III.     Due Process

¶12          Father also argues that his due process right to a "fundamentally fair proceeding" was violated because his parental rights were terminated while the results of the international home-study were pending.[8] We disagree.

---

[8] Before the dependency and severance hearing, Father requested an international home-study which was intended to provide the Department with more information about Father. The court ordered the home study be

**¶13** Absent fundamental, prejudicial error, Father waived the claim by failing to raise his due process argument in the juvenile court. *See Paloma Inv. Ltd. P'ship v. Jenkins*, 194 Ariz. 133, 137, ¶ 17, 978 P.2d 110, 114 (App. 1998) ("New arguments may not be raised for the first time on appeal.") (citation omitted); *see also K.B. v. State Farm Fire & Cas. Co.*, 189 Ariz. 263, 268, 941 P.2d 1288, 1293 (App. 1997) (waiver principle applies to constitutional issues). However, "[b]ecause of the constitutional ramifications inherent in termination proceedings," we will review Father's claim for fundamental error. *See Monica C. v. Ariz. Dep't of Econ. Sec.*, 211 Ariz. 89, 94, ¶ 23, 118 P.3d 37, 42 (App. 2005) (applying "doctrine of fundamental error" to constitutional claim not raised in juvenile court).

**¶14** Although Father asserts he was deprived fundamentally fair procedures, he has failed to provide any legal authority holding that termination of parental rights before the results of a home-study have been received violates a rule of procedure or a parent's constitutional rights. The mere fact that Father requested a home-study prior to the severance hearing did not require the court to wait for the study to be completed and delivered, especially given that substantially more than six months had elapsed before Father made any attempt to contact the Department or child. Moreover, Father has failed to demonstrate prejudice on this record. Consequently, we find no fundamental, prejudicial error warranting reversal. *See State v. Henderson*, 210 Ariz. 561, 567, ¶ 19, 115 P.3d 601, 607 (2005) (defendant bears burden of establishing fundamental error).

**¶15** Finally, Father also contends that "severance was premature" because he was voluntarily participating in services with DIF. Because the Department was seeking to terminate his rights for abandonment, the Department did not need to provide any reunification services. *See Bobby G.*, 219 Ariz. at 510, ¶ 11, 200 P.3d at 1007; *Toni W. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 61, 66, ¶ 15, 993 P.2d 462, 467 (App. 1999). And the evidence demonstrates that Father's last-minute efforts to attempt to establish a relationship, while commendable, were too little, too late. Consequently, the termination action some three years after C. was removed from Mother's care was not premature.

---

conducted, but the Department had not received the final results from DIF before the termination order.

## CONCLUSION

¶16        For the foregoing reasons, we affirm the termination of Father's parental rights to C.



Ruth A. Willingham · Clerk of the Court
FILED: ama