NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

LIONEL M., *Appellant,*

*v.*

DEPARTMENT OF CHILD SAFETY, L.M., *Appellees.*

No. 1 CA-JV 18-0203
FILED 12-13-2018

Appeal from the Superior Court in Yavapai County
No. P1300JD201700008
The Honorable Anna C. Young, Judge

**AFFIRMED**

COUNSEL

Law Office of Florence M. Bruemmer, Anthem
By Florence M. Bruemmer
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By Sandra L. Nahigian
*Counsel for Appellee Department of Child Safety*

---

**MEMORANDUM DECISION**

Presiding Judge James P. Beene delivered the decision of the Court, in which Judge Michael J. Brown and Judge James B. Morse Jr. joined.

---

**B E E N E,** Judge:

¶1          Leon James Mason ("Father") appeals the superior court's order terminating his parental rights to his child, L.J.  For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2          In January 2017, the Department of Child Safety ("DCS") became involved with Father due to allegations of child neglect and substance abuse.  A DCS investigation found Father and Mother[1] smoking marijuana in the same room as L.J., resulting in his removal from their care. Father admitted to exposing L.J. to marijuana as well as to leaving L.J. unattended while he smoked marijuana outside his apartment building.  In February 2017, the superior court adjudicated L.J. dependent as to both parents.

¶3          Father participated in the services DCS provided, including individual counseling, anger management and domestic violence counseling, case management services, parenting classes, visitation, daycare assistance, substance abuse assessment, urinalysis testing, and referrals for community resources.  Father eventually progressed to supervised visits with L.J., and then, in October 2017, L.J. was returned to Father's physical custody.

¶4          In November 2017, DCS recommended a dismissal of the dependency.  Within days, however, Father tested positive for marijuana but cited medicinal use for a work-related injury, for which he had a medical marijuana card.  DCS later withdrew its recommendation for dismissal of the dependency, but did not request L.J. be removed from Father's physical custody.  DCS also stated the need to confirm if L.J. had been exposed to marijuana again.

---

[1]     The superior court terminated the parental rights of Mother, Samantha Erin Johnson, in April 2018, and she is not a party to this appeal.

¶5        In December 2017, a hair follicle sample was taken from L.J. The results showed exposure to marijuana at an amount well above the testing threshold.  In November and December 2017, Father tested positive for marijuana on multiple occasions.  Moreover, Father admitted to using marijuana while in L.J.'s presence.  All other members of the household were tested for THC and tested negative for the substance.

¶6        Over Father's objection, the superior court granted DCS's motion to change the case plan to severance and adoption.  DCS filed a motion to terminate Father's parental rights based on Arizona Revised Statutes ("A.R.S.") sections 8-533(B)(2) (neglect), -533(B)(3) (chronic substance abuse), and -533(B)(8)(b) (out-of-home care for six months or longer).  After a termination hearing, the court severed Father's parental rights to L.J. based on each ground alleged in the motion.  Father timely appealed.  We have jurisdiction pursuant to A.R.S. §§ 8-235(A), 12-120.21(A)(1), and -2101(A)(1).

**DISCUSSION**

¶7        Father appeals based on sufficiency of the statutory grounds for time-in-care, neglect, and substance abuse, as well as the finding that termination was in L.J.'s best interests.

¶8        The superior court "is in the best position to weigh the evidence, observe the parties, judge the credibility of witnesses, and resolve disputed facts." *Jordan C. v. Ariz. Dep't of Econ. Sec.*, 223 Ariz. 86, 93, ¶ 18 (App. 2009) (citation omitted).  Unless no reasonable evidence supports the court's factual findings, we accept those findings and will affirm the termination order unless it is clearly erroneous.  *Bobby G. v. Ariz. Dep't of Econ. Sec.*, 219 Ariz. 506, 508, ¶ 1 (App. 2008) (citations omitted).  The superior court may terminate parental rights if it finds, "by clear and convincing evidence, at least one of the statutory grounds set out in section 8-533," *Michael J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 246, 248-49, ¶ 12 (2000), and by a preponderance of the evidence that termination is in the best interests of the child, *Kent K. v. Bobby M.*, 210 Ariz. 279, 284, ¶ 24 (2005).

I.       **Termination Under A.R.S. § 8-533(B) Has Been Proven by Clear and Convincing Evidence.**

¶9        Under § 8-533(B), a parent's rights may be terminated upon findings that:  (1) the child is three years of age or younger; (2) the child has been in the out-of-home placement for six months or longer; (3) "the parent has substantially neglected or willfully refused to remedy the circumstances that cause the child to be in an out-of-home placement"; and

(4) the agency has made "a diligent effort to provide appropriate reunification services." A.R.S. § 8-533(B).

¶10 On appeal, Father does not dispute that L.J. was three years or less of age, had been in an out-of-home placement for six months or longer, or that DCS made diligent efforts to provide appropriate reunification services. Rather, Father denies he substantially neglected or willfully refused to remedy the circumstances that brought L.J. into care and caused L.J. to be in an out-of-home placement. Father states "there [is] no evidence that Father's legal use of medical marijuana rendered him unable to safely parent [L.J.]." Father further alleges "[t]he removal of the Child was based SOLELY on the fact that Father had obtained his medical marijuana card and began using marijuana again."

¶11 The record, however, indicates that termination of Father's parental rights was not due to his use of marijuana, but rather to L.J.'s continued exposure to marijuana while in Father's custody, the very reason that brought L.J. into care. Notably, the basis for removal is not solely whether a drug is legal or illegal under state law but rather the impact of the drug's use on the child. *See Denise R. v. Ariz. Dep't of Econ. Sec.*, 221 Ariz. 92, 97, ¶¶ 19-20 (App. 2009) (finding that despite the lack of any evidence that children were "dirty, unfed, poorly clothed, [or] sick," a parent's "continuing abuse of alcohol seriously threatened her children's emotional and physical security").

¶12 In order to protect L.J., DCS investigated to determine "the amount and length of time the marijuana ha[d] been used and whether it was used around [L.J.] in the home in the last 3 months," as well as "to assess how [Father]'s use of medical marijuana affect[ed] his ability to safely parent." Father understood he should not use marijuana unless L.J. "was not present in the home, or [Father] had someone to supervise [L.J.] while [Father] stepped outside, [and] those were the only times [Father] would [use marijuana]." Yet, contrary to Father's assertion that he did not use marijuana around L.J., a "hair follicle test of the child confirmed that the child ingested THC while in father's care."[2]

¶13 The record contains reasonable evidence to support the superior court's finding that Father substantially neglected or willfully refused to remedy the circumstances that caused L.J. to be in an out-of-

---

[2] Tetrahydrocannabinol ("THC") is a metabolite of marijuana that evidences marijuana exposure. *State ex rel. Montgomery v. Harris*, 234 Ariz. 343, 343-44, ¶ 4 (2014).

home placement, L.J.'s exposure to marijuana while in Father's care. The court did not abuse its discretion in terminating Father's parental rights.

¶14　　　　Because the court did not err in terminating Father's parental rights under A.R.S. § 8-533(B)(8)(b), we need not consider whether the court's findings justified severance on the other statutory grounds alleged. *See Michael J.*, 196 Ariz. at 251, ¶ 27.

## II.　　Best Interests Has Been Proven by a Preponderance of the Evidence.

¶15　　　　Father also challenges the superior court's finding that termination of his parental rights was in L.J.'s best interests.  Termination is in the best interests of a child "if either: (1) the child will benefit from severance; or (2) the child will be harmed if severance is denied." *Alma S. v. Dep't of Child Safety*, 245 Ariz. 146, 150-51, ¶ 13 (2018).  "At the best-interests stage of the analysis, we can presume that the interests of the parent and child diverge because the court has already found the existence of one of the statutory grounds for termination by clear and convincing evidence." *Id*. at ¶ 12 (quotation omitted).

¶16　　　　Here, the DCS caseworker testified that a continued relationship between Father and L.J. would be harmful because Father failed to understand that exposing a young child to marijuana is dangerous, despite two removals from Father's custody for marijuana exposure. Additionally, the court found that Father failed to put L.J.'s needs before his own desire to use marijuana, even after tests confirmed L.J. had been exposed to THC.  The superior court weighed the credibility of the evidence and found:

> Father does not seem to grasp that while the medical marijuana card gives him the ability to use marijuana legally, [the card] does not excuse his child being exposed to substances while in Father's care.  Father's use of marijuana in front of the child [once] the child was back in his care indicates his inability to meet the needs of the child and keep him safe from drug exposure, which is especially troubling given the fact that it was the child's exposure to marijuana that resulted in the original removal and filing of this dependency action.

¶17　　　　The superior court further found L.J. would benefit from termination as "the child is considered adoptable and DCS is making efforts to locate an adoptive placement" that would provide him with

"permanency and stability." This evidence is sufficient to support the court's finding that termination of Father's parental rights is in L.J.'s best interests.

## CONCLUSION

¶18 The superior court's order terminating Father's parental rights to L.J. is affirmed.



AMY M. WOOD • Clerk of the Court
FILED: AA