NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

DOLORES R., *Appellant*,

*v.*

DEPARTMENT OF CHILD SAFETY, F.B., *Appellees*.

No. 1 CA-JV 18-0152
FILED 12-18-2018

Appeal from the Superior Court in Maricopa County
No.  JD529689
The Honorable Colleen L. French, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Law Office of H. Clark Jones, LLC, Mesa
By H. Clark Jones
*Counsel for Appellant*

Arizona Attorney General's Office, Mesa
By Amanda Adams
*Counsel for Appellee Department of Child Safety*

---

**MEMORANDUM DECISION**

Presiding Judge James P. Beene delivered the decision of the Court, in which Judge Michael J. Brown and Judge James B. Morse Jr. joined.

---

**B E E N E**, Judge:

¶1        Dolores R. ("Mother") appeals the superior court's order terminating her parental rights to her child, F.B.  She argues that the court erred by finding that the Department of Child Safety ("DCS") made reasonable efforts to provide her reunification services and that termination of her parental rights was in F.B.'s best interests.  For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        In January 2016, Mother, a prostitute, brought a "john" to her apartment.  Before leaving the apartment, the "john" struck Mother in the head with a gun, causing her to be hospitalized.  Although F.B. was not present during the assault, Mother admitted that F.B. was home earlier when Mother's assailant arrived.  On other occasions, however, F.B. was home while Mother engaged in prostitution and, in one instance, F.B. was inappropriately touched by one of Mother's customers.

¶3        After discovering this information, DCS filed a dependency petition, and in May 2016, the superior court adjudicated F.B. dependent.[1]  The court then ordered reunification services for Mother, which included parent aide, therapeutic visitation, psychological and psychiatric evaluations, counseling and transportation assistance.  Over the next 19 months, Mother only sporadically participated in these services, with minimal progress.

¶4        In April 2018, DCS filed a motion to terminate Mother's parental rights to F.B. based on Arizona Revised Statutes ("A.R.S.") sections 8-533(B)(3) (mental illness) and 8-533(B)(8)(c) (out-of-home care for fifteen months or longer).  After a four-day evidentiary hearing, the superior court terminated Mother's parental rights on both grounds alleged in the motion.

---

[1]      The superior court terminated Father's, John Doe's, rights to F.B. in April 2018, and he is not a party to this appeal.

Mother timely appealed. We have jurisdiction pursuant to A.R.S. §§ 8-235(A), 12-120.21(A)(1), and -2101(A)(1).

**DISCUSSION**

**¶5**      Mother does not challenge the existence of the statutory grounds for termination. She contends, however, that DCS failed to make reasonable efforts to provide reunification services. The superior court "is in the best position to weigh the evidence, observe the parties, judge the credibility of witnesses, and resolve disputed facts." *Jordan C. v. Ariz. Dep't of Econ. Sec.*, 223 Ariz. 86, 93, ¶ 18 (App. 2009). Unless no reasonable evidence supports the court's factual findings, we accept those findings and will affirm the termination order unless it is clearly erroneous. *Bobby G. v. Ariz. Dep't of Econ. Sec.*, 219 Ariz. 506, 508, ¶ 1 (App. 2008). The superior court did not abuse its discretion by finding that DCS made reasonable efforts to provide Mother with reunification services.

**¶6**      As relevant here, when DCS moves to terminate parental rights on mental illness and time-in-care grounds, the superior court must find that DCS made reasonable efforts to provide reunification services. *See Mary Ellen C. v. Ariz. Dep't of Econ. Sec.*, 193 Ariz. 185, 192-93, ¶¶ 33, 42 (App. 1999). DCS's duty, however, does not negate a parent's requirement to timely object to services if the parent believes those services are inadequate. *Shawanee S. v. Ariz. Dep't of Econ. Sec.*, 234 Ariz. 174, 178, ¶ 13 (App. 2014). As noted by the superior court, Mother attended every hearing throughout the dependency proceeding, was represented by counsel, and did not object to the services provided to her at any point during the proceedings. Accordingly, Mother waived her right to raise this issue for the first time on appeal. *See id.* at 179, ¶ 18.

**¶7**      Even if Mother had not waived her reasonable efforts argument, the record supports the court's findings. Mother argues that DCS did not provide her with timely Dialectical Behavioral Therapy ("DBT"). The record belies this assertion. Mother began DBT counseling in February 2017. Initially, because of Mother's disruptive behavior during group sessions, she was afforded individual DBT counseling. A year later, in February 2018, reports from Mother's DBT sessions indicated that she still showed a lack of emotional regulation and was unable to put F.B.'s needs before her own. At the conclusion of the termination hearing, Mother had been provided 14 months of DBT counseling and was still unable to gain insight into why her behaviors resulted in F.B.'s removal. Thus, on this record, the superior court did not err by finding that DCS made reasonable efforts to provide Mother with reunification services.

¶8	Mother also challenges the superior court's finding that termination of her parental rights was in F.B.'s best interests. Termination is in the best interests of a child "if either: (1) the child will benefit from severance; or (2) the child will be harmed if severance is denied." *Alma S. v. Dep't of Child Safety*, 245 Ariz. 146, 150, ¶ 13 (2018). "At the best-interests stage of the analysis, we can presume that the interests of the parents and child diverge because the court has already found the existence of one of the statutory grounds for termination by clear and convincing evidence." *Id*. at ¶ 12 (quotation omitted).

¶9	Here, the superior court found that termination would benefit F.B. and was in her best interests because her placement is "providing the child with a loving and nurturing home environment . . . providing for all her needs, and that the child has been thriving in their care." Further, the DCS case worker testified F.B. is happy with and bonded to her placement, and the placement is willing to adopt. These findings are sufficient to support the court's best-interests determination.

## CONCLUSION

¶10	The superior court's order terminating Mother's parental rights to F.B. is affirmed.

