NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

ALISSA M., *Appellant*,

*v.*

DEPARTMENT OF CHILD SAFETY, B.B., *Appellees*.

No. 1 CA-JV 18-0248
FILED 12-18-2018

Appeal from the Superior Court in Maricopa County
No. JD33984
The Honorable Jo Lynn Gentry, Judge

**AFFIRMED**

COUNSEL

The Stavris Law Firm, PLLC, Scottsdale
By Alison Stavris
*Counsel for Appellant*

Arizona Attorney General's Office, Tucson
By Autumn Spritzer
*Counsel for Appellee*

---

## MEMORANDUM DECISION

Presiding Judge James P. Beene delivered the decision of the Court, in which Judge Michael J. Brown and Chief Judge Samuel A. Thumma joined.

---

**B E E N E**, Judge:

¶1        Alissa M. ("Mother") appeals the superior court's order terminating her parental rights to her child, B.B. She argues that the court erred by ordering termination on grounds of prolonged substance abuse and six months' time-in-care as well as by finding that termination of her parental rights is in B.B.'s best interests. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        The Department of Child Safety ("DCS") first became involved with Mother in March 2017 when B.B. was born exposed to marijuana. Later, DCS learned Mother used methamphetamines and other substances while pregnant with B.B. and during previous and subsequent pregnancies.

¶3        The superior court adjudicated B.B. dependent in June 2017.[1] In November 2017, DCS filed a motion to terminate Mother's parental rights to B.B. based on Arizona Revised Statutes ("A.R.S.") sections 8-533(B)(3) (prolonged substance abuse) and 8-533(B)(8)(b) (out-of-home care for six months or longer). In June 2018, after a two-day evidentiary hearing, the superior court terminated Mother's parental rights on both grounds. Mother timely appealed. We have jurisdiction pursuant to A.R.S. §§ 8-235(A), 12-120.21(A)(1), and -2101(A)(1).

## DISCUSSION

¶4        Mother challenges the existence of sufficient evidence supporting the statutory grounds for termination found by the superior court and contends she has remedied the circumstances that caused B.B.'s out-of-home placement. The superior court "is in the best position to weigh the evidence, observe the parties, judge the credibility of witnesses, and

---

[1]     The superior court terminated the rights of Father, Brad R.B., to B.B. in June 2018, and he is not a party to this appeal.

resolve disputed facts." *Jordan C. v. Ariz. Dep't of Econ. Sec.*, 223 Ariz. 86, 93, ¶ 18 (App. 2009) (quotation omitted). Unless no reasonable evidence supports the superior court's factual findings, we accept those findings and will affirm the termination order unless it is clearly erroneous. *Bobby G. v. Ariz. Dep't of Econ. Sec.*, 219 Ariz. 506, 508, ¶ 1 (App. 2008) (citations omitted).

## I. Termination Under A.R.S. § 8-533(B)(8)(b) Has Been Proven by Clear and Convincing Evidence.

**¶5** Under § 8-533(B), a parent's rights may be terminated upon findings that: (1) the child is three years of age or younger; (2) the child has been in an out-of-home placement for six months or longer; (3) "the parent has substantially neglected or willfully refused to remedy the circumstances that cause the child to be in an out-of-home placement"; and (4) the agency has made "a diligent effort to provide appropriate reunification services." A.R.S. § 8-533(B).

**¶6** On appeal, Mother does not dispute that B.B. is three years of age or younger, has been in an out-of-home placement for six months or longer, or that DCS made diligent efforts to provide reunification services. Rather, Mother argues the superior court erred by finding that the third element had been proven. More specifically, she argues DCS failed to prove she has been unable to remedy the circumstances that caused the out-of-home placement and asserts she is capable of exercising proper and effective parental care and control in the near future.

**¶7** The circumstances that brought B.B. into out-of-home care relate to Mother's substance abuse and her inability to demonstrate sobriety. While Mother admits "at the inception of the case[,] she did not participate as she should have," Mother asserts that "at the time of adjudication . . . Mother was engaged in a multitude of services," and further asserts "the State has failed to present sufficient evidence [she] has substantially neglected or willfully refused to remedy the circumstances that caused [the] child to be in an out of home placement."

**¶8** The record, however, contains sufficient evidence for the superior court's finding that Mother substantially neglected or willfully refused to remedy the circumstances that caused B.B. to be in an out-of-home placement. Specifically, Mother "has had [an] extensive history of substance abuse . . . and not treating it." By her own report, Mother began using marijuana at age 14, cocaine and crack at age 16, and heroin at age 25, and Mother used methamphetamine and heroin daily while pregnant with

B.B. B.B. is the fifth of Mother's children; Mother's parental rights to her four other children were terminated and they have been adopted by their maternal grandmother. Three of Mother's other children have been born with substances in their systems. As of the termination hearing, Mother was pregnant with her sixth child and again tested positive for methamphetamine during that pregnancy.

¶9 With respect to substance abuse treatment in the current case, Mother attended her initial intake and "participated in a few sessions," but her referral was closed due to missed appointments. Furthermore, while Mother's weekly urinalyses were initially negative, she later began to test positive for methamphetamine, and then she completely stopped testing in July 2017. Although Mother occasionally displayed appropriate parenting skills when present at visits with B.B., she also exhibited symptoms of methamphetamine use during both meetings with her case worker and during visits with B.B., resulting in her failure to progress to unsupervised visitation. Moreover, Mother failed to complete a psychological evaluation, the completion of which would have allowed Mother access to additional services. While Mother eventually completed a second intake in January 2018, and participated in other services, she admitted her continued participation in treatment is contingent on her plans to relocate to Florida.

¶10 The evidence presented at the termination hearing was sufficient to support the termination under A.R.S. § 8-533(B)(8)(b). Mother's failure to diligently participate in services or to establish sobriety demonstrate that she substantially neglected or willfully refused to remedy the circumstances that caused B.B.'s out-of-home placement. While Mother made some efforts to comply with the services offered, those efforts were, as described by the superior court, "too little, too late." *See Maricopa Cty. Juv. Action No. JS-501568*, 177 Ariz. 571, 577 (App. 1994).

¶11 Because the superior court did not abuse its discretion in terminating Mother's parental rights under A.R.S. § 8-533(B)(8)(b), we need not consider whether the court's findings justified termination on the other ground alleged. *See Michael J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 246, 251, ¶ 27 (2000).

## II. Termination of Mother's Parental Rights is in B.B.'s Best Interests.

¶12 Mother also challenges the superior court's finding that termination of her parental rights was in B.B.'s best interests. Termination is in the best interests of a child "if either: (1) the child will benefit from severance; or (2) the child will be harmed if severance is denied." *Alma S.*

*v. Dep't of Child Safety*, 245 Ariz. 146, 150, ¶ 13 (2018). "At the best-interests stage of the analysis, we can presume that the interests of the parent and child diverge because the court has already found the existence of one of the statutory grounds for termination by clear and convincing evidence." *Id*. at ¶ 12 (quotation omitted).

**¶13**   Here, the superior court found that termination would benefit B.B. and was in his best interests "because he is very young," "a suitable adoptable home for a healthy baby will likely be located immediately," and B.B.'s "maternal aunt in Florida is [also] willing to adopt him" and facilitate sibling visitation. The court further stated, "[p]lacement with his maternal aunt would provide [B.B.] the safety, security and permanence he deserves." Additionally, the superior court found that continuing the parent-child relationship would likely be detrimental to B.B. due to Mother's "struggle to complete the services that will assist [her] in overcoming the barriers to [her] parenting and in the meantime, [B.B.] lives in uncertainty. A child of his age needs a permanent stable placement where he can bond and have safety and security." These findings are supported by the record, *supra* ¶¶ 8-9, and sufficient to affirm the superior court's best interests determination.

## CONCLUSION

**¶14**   The superior court's order terminating Mother's parental rights to B.B. is affirmed.



AMY M. WOOD • Clerk of the Court
FILED: AA