NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

TYROME B., *Appellant*,

*v.*

DEPARTMENT OF CHILD SAFETY, A.S., R.B., *Appellees*.

No. 1 CA-JV 18-0257
FILED 1-29-2019

Appeal from the Superior Court in Maricopa County
No. JD31650
The Honorable Jeanne M. Garcia, Judge

**AFFIRMED**

COUNSEL

Denise L. Carroll Esq., Scottsdale
By Denise Lynn Carroll
*Counsel for Appellant*

Arizona Attorney General's Office, Tucson
By Autumn Spritzer
*Counsel for Appellee Department of Child Safety*

---

**MEMORANDUM DECISION**

Judge Randall M. Howe delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Maria Elena Cruz joined.

---

**H O W E**, Judge:

¶1        Tyrome B. ("Father") appeals the juvenile court's order terminating his parental rights to his children, A.S. and R.B.[1] For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        A.S. was born in August 2015, and the Department of Child Safety took custody of her in November 2015 based on allegations of Father's substance abuse and domestic violence. Father failed to appear at a hearing in March 2016, and the court found A.S. dependent as to Father. In a separate dependency case, Father's parental rights pertaining to different children were terminated in September 2016 based on neglect and substance abuse. R.B. was born in March 2017 and the Department took custody of her in August or September 2017[2] for the same reasons listed for A.S. Father failed to appear at a hearing in November 2017, and the court found R.B. dependent as to Father.

¶3        The Department provided Father with substance-abuse testing and counseling, parent-aide services, case-aide services, and transportation. In February 2018, the Department moved to terminate Father's parental rights, alleging the nine-months' and fifteen months' out-of-home placement grounds for A.S., and the prior termination of parental rights ground for both children. In March 2018, Father, without good cause, failed to appear at the initial termination hearing. The court found that Father had waived his right to contest the allegations in the Department's motion, but ordered that he would still be allowed to

---

[1]      The parental rights of the children's mother were also terminated, but she is not a party to this appeal.

[2]      The record is unclear whether the Department took custody of R.B. in August or September 2017. This discrepancy, however, is immaterial to this case.

cross-examine witnesses and provide an argument on the children's best interests. The court set an evidentiary hearing in April 2018 to hear testimony regarding the termination.

¶4        At the evidentiary hearing, a Department case manager testified that Father had a history of substance abuse and displayed poor participation in services during the dependency. The case manager explained that Father last submitted a substance-abuse test in October 2015, which was positive for methamphetamine and amphetamine, and he refused to participate in further testing. She also stated that Father received three referrals for substance-abuse counseling, but each one was closed due to lack of contact and poor participation. She further stated that Father had refused to participate in parent-aide services and that he had failed to provide the Department with proof of employment or a stable residence.

¶5        The case manager testified that Father had his parental rights to his other children terminated in a separate case, which occurred within two years of the current petition to terminate his parental rights. She testified that the legal bases for termination in the other case were substance abuse and neglect, largely due to Father's inability to maintain a stable residence and employment—issues that remained as of the current hearing. In the instant case, the case manager opined that terminating Father's parental rights would be in the children's best interests because it would provide them a safe, permanent, and stable home free of illegal substances or violence. She also noted that the children were adoptable and in an adoptive placement meeting their needs. She further testified that a new placement could be found if the current placement could no longer adopt the children. On cross-examination, the case manager testified that Father behaved appropriately with his children during visits and was well-bonded with the children. During closing arguments, Father claimed that he had a stable residence and employment throughout the dependency.

¶6        The court terminated Father's parental rights to A.S. under the nine-months' and fifteen-months' out-of-home placement grounds, *see* A.R.S. § 8–533(B)(8)(a) and (c), and to both children under the prior termination ground, *see* A.R.S. § 8–533(B)(10). The court found that the Department made a diligent effort to provide Father with appropriate reunification services and that Father had substantially neglected or willfully refused to remedy the circumstances that caused the children to be in an out-of-home placement. The court also found that a substantial likelihood existed that Father would not be capable of exercising proper and effective parental care and control in the near future. The court further found that Father's parental rights to his other children in the previous

termination case were terminated due to substance abuse and neglect and his inability to maintain a stable residence and employment, which remained issues in the current case.

**¶7**        Although the court recognized that Father loved his children and was well-bonded with them, it found that terminating Father's parental rights was in the children's best interests because it would further the plan of adoption and provide the children with permanency and stability. The court also noted that the children were adoptable and in an adoptive placement meeting their needs, and if that placement was unable to adopt, a new placement could be found. Father timely appealed.

## DISCUSSION

**¶8**        Father argues that the Department failed to prove by a preponderance of the evidence that terminating his parental rights was in the children's best interests.[3] Specifically, he contends that the Department failed to show how terminating his parental rights would benefit the children or how the children would be harmed if he retained his rights. We review a juvenile court's termination order for an abuse of discretion. *E.R. v. Dep't of Child Safety*, 237 Ariz. 56, 58 ¶ 9 (App. 2015). Additionally, we accept the juvenile court's factual findings unless no reasonable evidence supports them and will affirm a termination order unless it is clearly erroneous. *Bobby G. v. Ariz. Dep't of Econ. Sec.*, 219 Ariz. 506, 508 ¶ 1 (App. 2008). We do not reweigh the evidence on appeal because, as the trier of fact, the juvenile court "is in the best position to weigh the evidence, observe the parties, judge the credibility of witnesses, and resolve disputed facts." *Ariz. Dep't of Econ. Sec. v. Oscar O.*, 209 Ariz. 332, 334 ¶ 4 (App. 2004).

**¶9**        Terminating parental rights is in the child's best interests if the child will benefit from the termination or will be harmed if the relationship continues. *Shawanee S. v. Ariz. Dep't of Econ. Sec.*, 234 Ariz. 174, 179 ¶ 20 (App. 2014). Relevant factors in this determination include whether the current placement is meeting the child's needs, an adoption plan is in place, and the child is adoptable. *Demetrius L. v. Joshlynn F.*, 239 Ariz. 1, 3–4 ¶ 12 (2016). "Of course, a court need not automatically conclude that severance is in a child's best interests just because the child is adoptable; there may be other circumstances indicating that [termination] is not the best option." *Id.* at 4 ¶ 14.

---

[3]        Father does not challenge the statutory grounds for terminating his parental rights.

**¶10** Here, the court found that terminating Father's rights would provide the children with permanency and stability. Furthermore, it found that the children were adoptable, in an adoptive placement meeting their needs, and a new placement could be found if needed. Those factors show how the children would benefit from terminating Father's parental rights. Thus, sufficient evidence supports the court's finding that terminating Father's parental rights was in the children's best interests.

**¶11** Father argues that terminating his parental rights was not in the children's best interests because he asserted during closing argument that he had stable housing and employment. He also notes that the case manager testified that he acted appropriately during visits and was well-bonded with his children. He further states that the court acknowledged that he loves his children, is bonded, and had positive visits with them. Father's argument, however, simply asks this Court to reweigh the evidence, which we cannot do. *See Oscar O.*, 209 Ariz. at 334 ¶ 4. As such, this argument fails.

## CONCLUSION

**¶12** For the foregoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED: AA