IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

———————————————

E. R., *Appellant*,

*v.*

DEPARTMENT OF CHILD SAFETY, JORGE B., *Appellees*.

No. 1 CA-JV 14-0220
FILED 3-5-2015

———————————————

Appeal from the Superior Court in Coconino County
No. JD2010-00022
The Honorable Margaret A. McCullough, Judge

**VACATED AND REMANDED**

———————————————

COUNSEL

Coconino County Public Defender's Office, Flagstaff
By Sandra L. J. Diehl
*Counsel for Appellant*

Law Office of Michelle Ratner, Flagstaff
By Michelle L. Ratner
*Counsel for Appellee*

---

**OPINION**

Presiding Judge Andrew W. Gould delivered the opinion of the Court, in which Judge Maurice Portley and Judge Jon W. Thompson joined.

---

**G O U L D**, Judge:

¶1        Appellant Guardian Ad Litem, on behalf of the minor child E.R., appeals from the juvenile court's order denying the Department of Child Safety's ("DCS") petition to terminate Jorge B.'s ("Father") parental rights. For the following reasons, we vacate the order and remand for further proceedings consistent with this opinion.

¶2        In October 2012, DCS received a report that Mother was abusing E.R. and her three other minor children (collectively the "children"). At the time of the report, Mother and children were living with Father. The children were removed from Father's home and dependency petitions were filed as to both parents. The juvenile court later determined the children were dependent as to Father on the grounds Father failed to protect them from Mother's abuse.

¶3        While the dependency proceeding was pending, Mother was charged with criminal child abuse pursuant to Arizona Revised Statutes ("A.R.S.") section 13-3623(B)(1).[1] Mother pled guilty to two counts of child abuse, including one count as to E.R., and was sentenced to seven years in prison.

---

[1]      A.R.S. § 13-3623(B)(1) provides, in relevant part:

> [u]nder circumstances other than those likely to produce death or serious physical injury to a child . . . any person who causes a child . . . to suffer physical injury or abuse or, having the care or custody of a child . . . who causes or permits the person or health of the child . . . to be injured or who causes or permits a child . . . to be placed in a situation where the person or health of the child . . . is endangered is guilty [of child abuse.] . . . If done intentionally or knowingly, the offense is a class 4 felony.

¶4 After the criminal charges were filed against Mother, DCS filed a petition seeking to terminate Mother and Father's parental rights. DCS moved to terminate Father's rights on the grounds (1) he knew or reasonably should have known that Mother was abusing E.R. pursuant to A.R.S. § 8-533(B)(2), and (2) E.R. had been in an out-of-home placement for more than nine months pursuant to A.R.S. § 533(B)(8)(a).

¶5 A severance trial was held on multiple dates between January 2014 and June 2014. At the conclusion of the trial, the juvenile court concluded that Mother "certainly abused the children and that abuse was unwarranted and extremely inappropriate." The juvenile court made several findings in support of this conclusion. The court found that Mother "had struck [E.R.] with a hose, spoons, belt or shoes leaving bruises on his legs, ankles and feet." The court noted that E.R. "had bruises and scars when he was brought into care[,]" "[s]ome were black and blue, some brownish or yellowish[,]" and that he "had some healing scars, some new scars." E.R.'s older siblings "expressed fear of their [M]other," reporting that "Mother would hit [E.R.] and them with whatever was available," and that "most of [M]other's aggression was directed towards [E.R]." Additionally, Mother "would put spices" in E.R's food making it inedible. As a result, when E.R. was removed from Father's home and placed in foster care, he "had a distended stomach" and was only in "the third percentile for weight."

¶6 The juvenile court also concluded that "Father was aware or should have been aware of [Mother's] abuse." The juvenile court determined that Father had noticed bruising on E.R. while Mother was living in Father's house. While most incidences of abuse occurred when Father was gone, on occasion Father was present and "would try to intervene." After learning that Mother was feeding spicy food to E.R., Father attempted to provide edible food to E.R.; however, when Mother was present "she would not let [F]ather give [E.R.] any food."

¶7 Despite these factual findings, the juvenile court denied the severance petitions as to both Mother and Father based on A.R.S. § 8-533(B)(2).[2] Additionally, the court found there was insufficient evidence to

---

[2] Mother's rights were terminated as to E.R. pursuant to A.R.S. § 8-533(B)(3) (chronic substance abuse); A.R.S. § 8-533(B)(4) (conviction of a felony showing Mother's "unfitness" as a parent and lengthy prison sentence depriving E.R. of a "normal home"); A.R.S. § 8-533(B)(8)(a) (nine months out-of-home placement); and A.R.S. § 8-533(B)(10) (Mother

support Father's termination under A.R.S. § 8-533(B)(8)(a).  Appellant timely appealed.

## DISCUSSION

**¶8**       Appellant first argues the juvenile court erred in denying severance based on A.R.S. § 8-533(B)(2).  Specifically, Appellant contends the juvenile court erred in finding that neglect or abuse pursuant to A.R.S. § 8-533(B)(2) requires (1) proof of serious physical or emotional injury and (2) the diagnosis of a medical doctor or psychologist.

**¶9**       We review de novo the juvenile court's construction of A.R.S. § 8-533(B)(2).  *James H. v. Ariz. Dep't. Econ. Sec.*, 210 Ariz. 1, 2, ¶ 5 (App. 2005).  This court will affirm the juvenile court's termination order "absent an abuse of discretion or unless the court's findings of fact were clearly erroneous." *Mary Lou C. v. Ariz. Dep't of Econ. Sec.*, 207 Ariz. 43, 47 ¶ 8 (App. 2004) (quoting *Maricopa County Juv. Action No JV-132905*, 186 Ariz. 607, 609 (App. 1996)).

**¶10**       When interpreting a statute our goal is to give effect to the legislative intent.  *Bobby G. v. Ariz. Dep't. Econ. Sec.*, 219 Ariz. 506, 509, ¶ 9 (App. 2008).  If a statute's language is clear and unambiguous, we apply it without resorting to other methods of statutory interpretation, unless doing so would lead to impossible or absurd results. *State ex rel. Montgomery v. Harris,* 234 Ariz. 343, 345, ¶ 13 (2014); *Bilke v. State,* 206 Ariz. 462, 464, ¶ 11 (2003); *State v. Flores,* 160 Ariz. 235, 239 (App. 1989). If a statute's language is ambiguous, we attempt to determine the legislative intent by interpreting the statute as a whole, considering its place in the relevant statutory scheme, as well as the statute's "subject matter, historical background, effects and consequences, and spirit and purpose." *Harris,* 234 Ariz. at 345, ¶ 13 (internal citations omitted); *see CSA 13–101 Loop, LLC, v. Loop 101, LLC,* 233 Ariz. 355, 360–61, ¶ 14 (App. 2013).

**¶11**       A parent's rights may be terminated pursuant to A.R.S. § 8-533(B)(2) if "the parent has neglected or willfully abused a child. This abuse includes serious physical or emotional injury or situations in which the parent knew or reasonably should have known that a person was abusing or neglecting a child." A.R.S. § 8-533(B)(2).

---

previously had parental rights severed with another child in past two years).  Mother has not appealed the juvenile court's order terminating her parental rights.

¶12      The juvenile court appears to have determined that the word "includes" in A.R.S. § 8-533(B)(2) is intended to limit severance to serious physical or emotional injury.  As the juvenile court noted, the diagnosis of a medical doctor or psychologist is required to establish serious physical or emotional injury.  A.R.S. §§ 8-201(32), (33).  However, the term "includes" may be used as a term of enlargement, indicating, in this situation, that other conduct, in addition to serious physical or emotional injury, may constitute abuse or neglect under A.R.S. § 8-533(B)(2). *See Bridgestone Retail Tire Operations v. Indus. Comm'n of Ariz.*, 227 Ariz. 453, 455, ¶ 8 (App. 2011) (discussing use of the word "includes" as a term of limitation or enlargement); *State v. Witwer*, 175 Ariz. 305, 308 (App. 1993) (holding that the word "includes" is a term of enlargement).

¶13      We conclude the juvenile court erred in its construction of A.R.S. § 8-533(B)(2) because the relevant definitions of abuse and neglect are not limited to serious physical and emotional abuse.  The term "abuse" is defined in A.R.S. § 8-201(2) as "the infliction or allowing of physical injury, impairment of bodily function or disfigurement."  Similarly, the term "neglect" is defined, in relevant part, under A.R.S. § 8-201(24)(a) as "[t]he inability or unwillingness of a parent . . . to provide [a] child with supervision, food, clothing, shelter or medical care if that inability or unwillingness causes unreasonable risk of harm to the child's health or welfare."

¶14      Moreover, the juvenile court's construction of A.R.S. § 8-533(B)(2) is contrary to the primary purpose of the severance statutes: protecting the health and safety of children.  A.R.S. § 8-533(B); Ariz. R.P. Juv. Ct. 36; *Dep't of Child Safety v. Beene*, 235 Ariz. 300, 304, ¶ 9 (App. 2014).  Under the juvenile court's construction, a parent could neglect and physically abuse his child, but as long as his behavior did not cause serious physical or emotional injury, no grounds would exist to terminate his parental rights.  Indeed, the parent's conduct could, as here, result in a criminal conviction for child abuse but not serve as grounds for severance.  Clearly, this was not the intent of the legislature.

¶15      We conclude that severance based on neglect or abuse under A.R.S. § 8-533(B)(2) does not require (1) a showing of serious physical or emotional injury or (2) the diagnosis of a medical doctor or psychologist.  Accordingly, because the juvenile court applied the incorrect legal standard, we vacate the court's order denying severance based on A.R.S. § 8-533(B)(2).

**¶16**         Appellant also contends that the juvenile court erred when it denied the petition to terminate Father's parental rights pursuant to A.R.S. § 8-533(B)(8)(a).  In order to terminate a parent's rights pursuant to A.R.S. § 8-533(B)(8)(a), DCS must prove (1) the child has been in an out-of-home placement for a cumulative total period of nine months; (2) diligent efforts have been made to provide the parent with appropriate reunification services; and (3) the parent has substantially neglected or willfully refused to remedy the circumstances that caused the child to be in an out-of-home placement.  A.R.S. § 8-533(B)(8)(a).

**¶17**         Here, the only factor in dispute is whether Father "substantially neglected or willfully refused to remedy" the circumstances causing E.R. to be removed from his home.  This factor focuses on Father's "effort to cure the circumstances rather than [Father's] success in actually doing so," and refers to the "circumstances" existing at the time of the severance rather than the initial dependency petition.  *Marina P. v. Ariz. Dep't of Econ. Sec.*, 214 Ariz. 326, 329, 330 ¶¶ 20, 22 (App. 2007).

**¶18**         Father's alleged abuse and neglect under A.R.S. § 8-533(B)(2) is the circumstance Father was required to address under A.R.S. § 8-533(B)(8)(a).  However, because the juvenile court used an erroneous legal standard in determining what constitutes abuse and neglect, we are unable to conclude whether it properly identified the circumstance Father was required to remedy.  We therefore vacate the juvenile court's order denying the petition to sever based on A.R.S. § 8-533(B)(8)(a).

**¶19**         Finally, Appellant argues that the juvenile court erred by ordering DCS to redact certain reports before admitting them as exhibits at the severance trial.  Appellant claims that it was prejudiced by this ruling because the redactions excluded important evidence regarding (1) Father's ability to parent E.R. and (2) Father's failure to remedy the circumstances that led E.R. to be in out-of-home placement.  We review evidentiary rulings for an abuse of discretion.  *State v. Smith*, 215 Ariz. 221, 232, ¶ 48 (2007).

**¶20**         Based on the record before us, we find no error.  Original copies of the redacted reports were not admitted at trial by the juvenile court, and Appellant does not specify what information was redacted.  We note that all of the authors of the reports testified at trial and discussed the contents of their reports.  As a result, we are unable to determine whether

the redacted information was relevant, or whether Appellant suffered any prejudice.  Ariz. R. Evid. 403, 401.[3]

## CONCLUSION

**¶21**         For the reasons discussed above, we vacate the order denying the petition to terminate Father's parental rights as to E.R., and remand this matter to the juvenile court for further proceedings consistent with this opinion.



**Ruth A. Willingham** · **Clerk of the Court**
F I L E D : ama

---

[3]         Appellant also asserts that the trial court erred, as a matter of law, in redacting the reports because the information was admissible pursuant to Arizona Rule of Procedure for the Juvenile Court 45.  Based on our decision in this case, in our discretion, we do not find it necessary to reach this issue.