NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

JAYNA S., *Appellant,*

*v.*

DEPARTMENT OF CHILD SAFETY, X.R., *Appellees.*

No. 1 CA-JV 16-0271
FILED 5-4-2017

Appeal from the Superior Court in Maricopa County
No. JD511299
The Honorable Shellie F. Smith, Judge, *Pro Tempore*

**AFFIRMED**

COUNSEL

Robert D. Rosanelli Attorney at Law, Phoenix
By Robert D. Rosanelli
*Counsel for Appellant*

Arizona Attorney General's Office, Mesa
By Amanda L. Adams
*Counsel for Appellee*

---

**MEMORANDUM DECISION**

Judge Donn Kessler delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge Patricia A. Orozco[1] joined.

---

**K E S S L E R**, Judge:

¶1        Appellant Jayna S. ("Mother") appeals the juvenile court's termination of her parental rights. For the following reasons, we affirm.

### FACTUAL AND PROCEDURAL HISTORY

¶2        Mother and Grant R. ("Father")[2] are the biological parents of XR, born October 2014. Both Mother and XR tested positive for methamphetamines at his birth. The Department of Child Safety ("DCS") took custody of XR three days after his birth and the court found him to be dependent as to Mother.[3]

¶3        In July 2015, DCS moved to terminate Mother's parental rights to XR. At an adjudication hearing held in the spring of 2016, Mother admitted to being a daily methamphetamine user. Mother claimed she stopped using methamphetamine in either January or April 2015 and testified her sobriety date was in May 2015, but she tested positive for methamphetamine in August 2015. Between August and September 2015, Mother missed seven required drug tests. As of the spring 2016 severance hearings, Mother had again begun to skip drug tests, missing five tests between February and April 2016. Over three years of DCS dependencies,

---

[1]        The Honorable Patricia A. Orozco, Retired Judge of the Court of Appeals, Division One, has been authorized to sit in this matter pursuant to Article 6, Section 3 of the Arizona Constitution.

[2]        Father was a party to this appeal, but was dismissed as a party after his counsel found no non-frivolous issues to raise.

[3]        Mother's older three children were removed from her home in September 2013 and were found dependent in November 2013. Mother's parental rights were severed as to these children in January 2015 on grounds of substance abuse and time in an out-of-home placement.

including those involving her older three children, Mother has only demonstrated a four-month period of consistent sobriety.

¶4        Dr. Bryce Bennett, a psychology resident, testified that Mother has a high probability of having moderate to severe substance abuse disorder. He also expressed concerns that Mother would reengage in drug use to cope with life stressors. The DCS case manager testified that Mother has a history of evading drug tests and trying to falsify documents, and she expressed ongoing concerns with Mother's sobriety.

¶5        DCS referred Mother for substance abuse counseling through TERROS a total of four times in 2013, 2014, and 2015. Three of the four referrals were closed out because of Mother's lack of engagement in services. Additionally, Mother did not begin services for the fourth referral—made in June 2015—until October 2015. Mother has yet to complete a substance abuse program. Mother was also referred twenty-seven times to TASC for drug testing, but was closed out of twenty-six of those referrals due to lack of participation. While testifying, Mother conceded she has not consistently participated in testing.

¶6        Between October 2014 and February 2015, Mother visited XR four times. After stopping visits in February, Mother told DCS workers that she felt it would be best if XR's placement would adopt him. Mother began visiting XR again in November 2015.

¶7        The juvenile court terminated Mother's rights to XR on grounds of abandonment, prolonged drug use, time in an out-of-home placement, and a prior termination of parental rights within two years. Mother timely appealed. We have jurisdiction under Arizona Revised Statutes ("A.R.S.") sections 8-235(A) (2014) and 12-120.21(A)(1) (2016).[4]

## DISCUSSION

I.        Standard of Review

¶8        To terminate parental rights, the juvenile court must find, by clear and convincing evidence, at least one of the statutory grounds set out in A.R.S. § 8-533(B). *See* A.R.S. § 8-533(B) (2016); *Michael J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 246, 249, ¶ 12 (2000). It must also find DCS has shown by a preponderance of the evidence that termination is in the best interests of the child. *Kent K. v. Bobby M.*, 210 Ariz. 279, 284, ¶ 22 (2005). We will

---

[4]        We cite to the current version of statutes unless changes material to this decision have occurred.

review the juvenile court's termination order in the light most favorable to sustaining the court's decision and will affirm unless, as a matter of law, we must say that no one could reasonably find the evidence supporting statutory grounds for termination to be clear and convincing. *Denise R. v. Ariz. Dep't of Econ. Sec.*, 221 Ariz. 92, 95, ¶ 10 (App. 2009) (citations and quotations omitted). We will affirm the juvenile court's severance order absent an abuse of discretion or unless the court's findings of fact were clearly erroneous. *E.R. v. Dep't of Child Safety*, 237 Ariz. 56, 58, ¶ 9 (App. 2015) (citations and quotations omitted).

## II. Substance Abuse

**¶9** Parental rights may be terminated if the juvenile court finds "the parent is unable to discharge parental responsibilities because of . . . a history of chronic abuse of dangerous drugs, controlled substances or alcohol and there are reasonable grounds to believe that the condition will continue for a prolonged indeterminate period." A.R.S. § 8-533(B)(3). Generally, a parent's "temporary abstinence from drugs and alcohol does not outweigh [her] significant history of abuse or [her] consistent inability to abstain during [the] case." *Raymond F. v. Ariz. Dep't of Econ. Sec.*, 224 Ariz. 373, 379, ¶ 29 (App. 2010). Furthermore, "children should not be forced to wait for their parent to grow up." *Id.* at 378, ¶ 25. Consequently, "a child's interest in permanency must prevail over a parent's uncertain battle with drugs." *Jennifer S. v. Dep't of Child Safety*, 240 Ariz. 282, 287, ¶ 17 (App. 2016) (citation omitted).

**¶10** Both Mother and XR tested positive for methamphetamines at his birth. Although DCS offered Mother substance abuse treatment and drug testing, Mother failed to participate in or successfully complete either of these services. Mother tested positive for methamphetamine in August 2015 and failed to complete her required drug tests in February, March, and April 2016, even though the severance hearings were ongoing at that time. Additionally, Mother failed to demonstrate any sustained period of sobriety over the nearly three-year course of the dependencies. We find sufficient evidence supports the juvenile court's findings.

## III. Other Statutory Grounds for Termination

**¶11** Mother also challenges the juvenile court's termination of her rights under A.R.S. §§ 8-533(B)(1) (abandonment), -533(B)(8)(b) (time in an out-of-home placement), and -533(B)(10) (prior termination). However, because we find the court did not err in severing Mother's parental rights under A.R.S. § 8-533(B)(3), we decline to address these arguments. *See*

*Michael J.*, 196 Ariz. at 251, ¶ 27 (finding that if sufficient evidence supports any one of the statutory grounds upon which the juvenile court ordered severance, this court need not address claims pertaining to the other grounds).

### IV. Best Interests of the Child

**¶12** In addition to finding statutory grounds for termination, the juvenile court must also find terminating parental rights is in the best interests of the child. A.R.S. § 8-533(B). To establish that severance of a parent's rights would be in a child's best interests, "the court must find either that the child will benefit from termination of the relationship or that the child would be harmed by continuation of the parental relationship." *James S. v. Ariz. Dep't of Econ. Sec.*, 193 Ariz. 351, 356, ¶ 18 (App. 1998) (citation omitted). In making this determination, the juvenile court may consider evidence that the child is adoptable or that an existing placement is meeting the needs of the child. *Mary Lou C. v. Ariz. Dep't of Econ. Sec.*, 207 Ariz. 43, 50, ¶ 19 (App. 2004) (citations omitted).

**¶13** Mother does not challenge the juvenile court's best interests determination. Regardless, sufficient evidence supports the court's findings. XR's current placement is adoptive and the record shows he is otherwise adoptable. The record also shows XR has significantly bonded with the current placement and they are meeting all his needs. The court did not err in finding severance to be in XR's best interests.

### CONCLUSION

**¶14** For the foregoing reasons, we affirm the termination of Mother's parental rights as to XR.



AMY M. WOOD • Clerk of the Court
FILED: AA