NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

GABRIELLE F., *Appellant*,

*v.*

DEPARTMENT OF CHILD SAFETY, R.A., F.R., *Appellees*.

No. 1 CA-JV 17-0089
FILED 9-12-2017

Appeal from the Superior Court in Mohave County
No. B8015JD201604028
The Honorable Rick A. Williams, Judge

**AFFIRMED**

COUNSEL

The Stavris Law Firm, PLLC, Scottsdale
By Alison Stavris
*Counsel for Appellant*

Arizona Attorney General's Office, Tucson
By Dawn Rachelle Williams
*Counsel for Appellees*

---

**MEMORANDUM DECISION**

Presiding Judge James P. Beene delivered the decision of the Court, in which Judge Kent E. Cattani and Judge Peter B. Swann joined.

---

**B E E N E**, Judge:

**¶1**         Gabrielle F. ("Mother") appeals the termination of her parental rights to her children, R.A. (born in 2011) and F.R. (born in 2015) (collectively "the Children").  For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

**¶2**         In March 2016, Mother was reunified with R.A. after a second dependency petition against her was dismissed.  Mother lived with D.R., F.R.'s, biological father.[1]  Twelve days after R.A. was returned to Mother's care, the Department of Child Safety ("DCS") removed the Children from Mother's custody after D.R. physically abused R.A.

**¶3**         R.A. told police that D.R. hit and kicked him while he was in the shower.  The physical abuse resulted in bruising across his back, neck, and buttocks, and lumps on his head.  DCS initiated a third dependency action alleging Mother failed to protect the Children against physical abuse.  Two months later, DCS filed a petition to terminate Mother's parental rights as to (1) R.A. and F.R. on the grounds that she failed to protect them from abuse under Arizona Revised Statutes ("A.R.S.") section 8-533(B)(2) (2017)[2] and (2) R.A. because he was removed from Mother's home within eighteen months of a prior dependency under A.R.S. § 8-533(B)(11)(d).

**¶4**         The superior court held a combined dependency and termination hearing in November 2016 and January 2017.  The court adjudicated the Children dependent and terminated Mother's parental rights to the Children on both grounds alleged in the petition.  Mother

---

[1]         D.R.'s parental rights to F.R. were also severed, however, he is not a party to this appeal.

[2]         Absent material revisions after the relevant date, we cite a statute's current version.

timely appealed the order terminating her parental rights. We have jurisdiction pursuant to A.R.S. §§ 8-235, 12-120.21, and -2101(A)(1).

## DISCUSSION

**¶5** Custody of one's children is a fundamental, but not absolute, right. *Michael J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 246, 248, ¶¶ 11–12 (2000). The superior court may terminate a parent's rights upon clear and convincing evidence of one of the statutory grounds in A.R.S. § 8–533(B), and upon finding by a preponderance of the evidence that termination is in the best interests of the child. *Id.* at 248–49, ¶ 12. We review the superior court's termination order for an abuse of discretion and will affirm the order "unless its factual findings are clearly erroneous, that is, unless there is no reasonable evidence to support them." *Audra T. v. Ariz. Dep't of Econ. Sec.*, 194 Ariz. 376, 377, ¶ 2 (App. 1998).

**¶6** Parental rights may be terminated when "the parent has neglected or willfully abused a child." A.R.S. § 8-533(B)(2). "[A]buse includes serious physical or emotional injury or situations in which the parent knew or reasonably should have known that a person was abusing or neglecting a child." *Id.*; *see also E.R. v. Dep't of Child Safety*, 237 Ariz. 56, 59, ¶¶ 12–13 (App. 2015) (stating that abuse includes the "allowing of physical injury, impairment of bodily function or disfigurement") (citation omitted).

**¶7** Under § 8-533(B)(2), parents who permit another person to abuse or neglect their children can have their parental rights to their other children terminated even absent evidence that the other children were abused or neglected. *Tina T. v. Dep't of Child Safety*, 236 Ariz. 295, 299, ¶ 17 (App. 2014). "When the grounds for termination of a parent's rights to one child are based on abuse of another child," there must be a "nexus between the prior abuse and the risk of future abuse to the child at issue." *Id.*

**¶8** Here, there is reasonable evidence to support the court's order terminating Mother's parental rights to the Children. R.A. told police and DCS that D.R. hit and kicked him resulting in "quarter-size lumps" on his head. A DCS case manager testified that R.A. had bruises on his back, neck, and buttocks. In fact, one of the bruises on R.A.'s buttocks appeared to be a handprint. Mother refused to acknowledge the possibility that R.A. was physically abused by D.R., claiming that she was unaware of the bruises on R.A.'s buttocks. The court found "[Mother and Father's testimony] inconsistent and/or evasive in addressing how [R.A.] could have received those injuries." *See Jordan C. v. Ariz. Dep't of Econ. Sec.*, 223 Ariz. 86, 93, ¶ 18

(App. 2009) (stating that the superior court is in the best position to weigh evidence, observe the parties, and judge the credibility of witnesses). Despite R.A.'s claims of abuse and the dependency proceeding, Mother continued to live with D.R.  Mother took no steps to protect R.A. from physical abuse.

**¶9**     Likewise, there is reasonable evidence supporting the superior court's order terminating Mother's parental rights to F.R. Although the court did not expressly find a nexus between the abuse of R.A. and the risk to F.R., "we will presume that the juvenile court made every finding necessary to support the severance order if reasonable evidence supports the order" and, "[i]f the juvenile court fails to expressly make a necessary finding, we may examine the record to determine whether the facts support that implicit finding."  *Mary Lou C. v. Ariz. Dep't of Econ. Sec.*, 207 Ariz. 43, 50, ¶ 17 (App. 2004).

**¶10**     Another DCS case manager testified that F.R. would be abused if left in Mother's care.  The case manager stated that "Mother has demonstrated a failure to protect [R.A. in the past and in the present].  Past behavior is the best predictor of future behavior, and it is likely she would continue to fail to protect her children."  The case manager further stated that despite D.R.'s abuse of R.A., "[he] has not addressed [that abuse] or even considered the possibility that the discipline was physical abuse" — which is indicative of his inability to understand the nature of his actions. Accordingly, we find that reasonable evidence supports the court's decision to terminate Mother's parental rights to F.R. under A.R.S. § 8-533(B)(2).[3]

**¶11**     Lastly, Mother contends the superior court erred by finding that severance was in the Children's best interests.  "Whether severance is in the child's best interests is a question of fact for the juvenile court to determine," and we draw all reasonable inferences in favor of the superior court's findings.  *Jesus M. v. Ariz. Dep't of Econ. Sec.*, 203 Ariz. 278, 282, ¶ 13 (App. 2002) (citations omitted).  "[T]hat the best interests of the child will be served by removal from a custodial relationship may be established by

---

[3]     Because we find that the evidence supports termination of Mother's parental rights on the grounds that she failed to protect the Children from abuse, we need not address her argument that reasonable evidence did not support termination of her rights to R.A. pursuant to Arizona Revised Statutes section 8-533(B)(11).  *Jesus M. v. Ariz. Dep't of Econ. Sec.*, 203 Ariz. 278, 280, ¶ 3 (App. 2002) ("If clear and convincing evidence supports any one of the statutory grounds on which the juvenile court ordered severance, we need not address claims pertaining to the other grounds.").

either showing an affirmative benefit to the child by removal or a detriment to the child by continuing in the relationship." *Id.* at 282, ¶ 14 (internal quotation omitted). "One factor the court may properly consider in favor of severance is the immediate availability of an adoptive placement. Another is whether an existing placement is meeting the needs of the child." *Audra T.*, 194 Ariz. at 377, ¶ 5 (internal citation omitted).

**¶12** Here, the superior court found, by a preponderance of the evidence, that severance was in the Children's best interests. As to F.R., she was not developing emotionally in Mother's care. F.R.'s current placement, however, provides her with care for several health issues Mother failed to treat, and she has exhibited significant emotional growth. As to R.A., his current placement with paternal grandfather provides him a home free of abuse. Additionally, although not specifically relied on by the superior court, we note the testimony showed R.A. will suffer a detriment of potential abuse by Mother's failure to protect him if his relationship with her continues. Both F.R. and R.A. are in "potentially adoptive placements that are able to care for their respective needs." Because reasonable evidence supports the superior court's findings that severance was in the Children's best interests, the court did not err.

## CONCLUSION

**¶13** For the foregoing reasons, we affirm the superior court's order terminating Mother's parental rights to the Children.

