NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

MELINDA C., *Appellant*,

*v.*

DEPARTMENT OF CHILD SAFETY, A.O., A.O., A.O., *Appellees*.

No. 1 CA-JV 21-0080
FILED 9-28-2021

Appeal from the Superior Court in Maricopa County
No. JD531203
The Honorable Connie Contes, Judge, *Retired*

**AFFIRMED**

COUNSEL

Maricopa County Public Advocate, Mesa
By Suzanne W. Sanchez
*Counsel for Appellant*

Arizona Attorney General's Office, Tucson
By Jennifer R. Blum
*Counsel for Appellee, Department of Child Safety*

---

**MEMORANDUM DECISION**

Judge Brian Y. Furuya delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Michael J. Brown joined.

---

**F U R U Y A**, Judge:

**¶1**        Melinda C. ("Mother") appeals the superior court's order terminating her parental rights to her three minor genetic children, A.O.J., A.O., and A.A.O. (collectively, the "Children"). Mother challenges the court's termination findings based on substance abuse and three out-of-home placement grounds under Arizona Revised Statutes ("A.R.S.") § 8-533(B)(3) and (B)(8)(a)–(c). For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY

**¶2**        In September 2017, the Department of Child Safety ("DCS") received a report that Mother had an open case with the Texas Department of Family and Protective Services. However, A.O.J. and A.O. had been taken to Arizona by their maternal grandmother. DCS took A.O.J. and A.O. into temporary custody and filed a dependency petition. A.O.J. and A.O. were adjudicated dependent as to their father[1] and Mother, and the superior court adopted a family reunification case plan.

**¶3**        Mother was offered services in Texas, but refused, stating that she planned to move to Arizona. Once in Arizona, DCS referred Mother for drug testing, where she tested positive for marijuana, amphetamine, and methamphetamine in May 2018. Mother was referred for substance-abuse treatment but did not engage in services. Mother also underwent a psychological evaluation, which revealed diagnostic impressions for stimulant-use disorder, cannabis-use disorder, and unspecified trauma disorder, among others. DCS again referred Mother for substance-abuse treatment in September 2018, and while Mother engaged in treatment for a month, her referral closed unsuccessfully in December 2018.

**¶4**        Thereafter, DCS moved to terminate Mother's parental rights to A.O.J. and A.O. In February 2019, Mother gave birth to A.A.O.—who tested positive for exposure to marijuana and methamphetamine. Accordingly, DCS took A.A.O. into temporary custody and filed a

---

[1]        The Children's father is not a party to this appeal.

dependency petition as to A.A.O. While Mother tested positive for marijuana, amphetamine, and methamphetamine in March 2019, she demonstrated five months of sobriety through inpatient treatment and negative testing from April until August 2019.

¶5          In August 2019, the court found A.A.O. dependent as to Mother on grounds of domestic violence and substance abuse and terminated her parental rights as to A.O.J. and A.O. After failing to participate in further substance-abuse treatment or testing, Mother again tested positive for marijuana, amphetamine, and methamphetamine in November 2019. She was admitted to inpatient substance-abuse treatment, but following her release in January 2020, soon re-entered inpatient treatment, where she again tested positive for amphetamine and methamphetamine.

¶6          In April 2020, this court overturned the superior court's termination of Mother's parental rights to A.O.J. and A.O. for lack of jurisdiction under the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA") due to Mother's unresolved case in Texas. On remand, the superior court held a UCCJEA conference in June 2020, where the Texas court declined jurisdiction and Arizona was determined to be A.O.J.'s and A.O.'s state of residence. DCS thereafter moved to terminate Mother's parental rights to the Children, citing substance-abuse and nine-months' time-in-care grounds, six-months' time-in-care ground as to A.A.O., and fifteen-months' time-in-care ground as to A.O.J. and A.O. The court then set a new termination hearing for November 2020.

¶7          Mother self-referred for individual counseling and began taking medication in May 2020. However, after four sessions, three of which Mother voluntarily ended early, Mother discontinued counseling and stopped taking her medication. In June 2020, Mother underwent a second psychological evaluation. Mother was diagnosed with post-traumatic stress disorder, severe cannabis-use disorder, and severe stimulant-use disorder. The evaluating psychologist noted that Mother was engaging in substance abuse to cope with untreated trauma. Although Mother participated in some trauma therapy, her treating psychiatrist noted that she had made minimal progress and showed little insight into her trauma.

¶8          At the November 2020 termination hearing, DCS presented evidence that Mother had reported to have first used methamphetamine when she was fifteen years old. DCS also presented evidence that while Mother had completed substance abuse treatment on four occasions, she had relapsed too many times to count. Mother testified, supported by recent

drug tests, that she had demonstrated another period of sobriety in the months leading up to the termination hearing. However, Mother's diagnosing doctor testified that Mother's recent sobriety only changed her future parenting prognosis from "extremely poor" to "poor." The doctor further opined that Mother's condition would continue for an indeterminate period unless she could demonstrate sustained remission through verified sobriety of twelve months.

¶9    Mother's trauma counseling doctor testified that she lacked insight into the importance of resolving her trauma triggers. The doctor explained that it would be difficult for Mother to address her trauma, given her limited engagement with trauma counseling. DCS also presented Mother's trauma counseling records for the superior court's consideration.

¶10    The court terminated Mother's parental rights to the Children and Mother timely appealed. We have jurisdiction pursuant to A.R.S. § 8-235(A) and Arizona Rule of Procedure for the Juvenile Court 103(A).

## DISCUSSION

¶11    Mother challenges the superior court's termination of her parental rights to the Children based upon the grounds of substance abuse and nine months' time in out-of-home placement, A.A.O.'s six-months' time in out-of-home placement, , and A.O.J.'s and A.O.'s fifteen-months' time in out-of-home placement. Specific to the substance-abuse ground, Mother contends reasonable evidence did not establish her substance abuse would continue for a prolonged indeterminate period. The court did not err in terminating Mother's parental rights for substance abuse under A.R.S. § 8-533(B)(3), so we do not and need not address claims pertaining to the other grounds. *Jesus M. v. Ariz. Dep't of Econ. Sec.*, 203 Ariz. 278, 280, ¶ 3 (App. 2002) (citations omitted).

¶12    To terminate a parent's rights, the superior court must find clear and convincing evidence of at least one statutory ground for termination. A.R.S. § 8-533(B); Ariz. R.P. Juv. Ct. 66(C). The court must also separately find by a preponderance of the evidence that termination is in the Children's best interests.[2] *Id.* We "will affirm the juvenile court's termination order absent an abuse of discretion or unless the court's findings of fact were clearly erroneous." *E.R. v. DCS*, 237 Ariz. 56, 58, ¶ 9 (App. 2015) (internal quotation marks omitted). A finding is clearly

---

[2]    Mother does not contest the court's finding that termination of her parental rights was in the Children's best interests.

erroneous if no reasonable evidence supports it. *Mary Lou C. v. Ariz. Dep't of Econ. Sec.*, 207 Ariz. 43, 47, ¶ 8 (App. 2004). We view the facts in the light most favorable to upholding the court's order terminating parental rights, *Ariz. Dep't of Econ. Sec. v. Matthew L.*, 223 Ariz. 547, 549, ¶ 7 (App. 2010), and will not reweigh evidence on appeal because the court is "in the best position to weigh the evidence" as a direct observer of the parties, *Mary Lou C.*, 207 Ariz. at 47, ¶ 8.

¶13　　　To terminate a parent's rights on the substance-abuse ground, the court must find that a parent: 1) has a history of chronic substance abuse; 2) is unable to discharge parental responsibilities because of that chronic substance abuse; and 3) such condition will continue for a prolonged indeterminate period. A.R.S. § 8-533(B)(3); *Raymond F. v. Ariz. Dep't of Econ. Sec.*, 224 Ariz. 373, 377, ¶ 15 (App. 2010). Mother challenges only the sufficiency of evidence supporting the court's conclusion that her substance abuse would continue for a prolonged indeterminate period. Thus, we do not address the other requisite findings. *See Crystal E. v. DCS*, 241 Ariz. 576, 578, ¶¶ 6–7 (App. 2017).

¶14　　　The evidence supporting the court's order properly considered the length and severity of Mother's prior substance abuse, periods of sobriety, and numerous relapses. *See Jennifer S. v. DCS*, 240 Ariz. 282, 287, ¶ 20 (App. 2016). The court also made substantial findings based on doctors' medical testimony that Mother's prognosis for recovery was poor, Mother had made minimal progress in treating the trauma that contributed to her substance abuse, and Mother's condition would continue for an indeterminate period. Mother nonetheless maintains no reasonable evidence supports the court's order because she arguably demonstrated sobriety in the months leading up to the termination hearing. However, a parent's "temporary abstinence from drugs" does not, as a matter of law, outweigh a significant history of drug abuse or her largely consistent inability to abstain from drugs during her case. *See id.* at ¶ 17. The record in this case is well-developed, with conflicting evidence presented by both sides. Moreover, the court's thorough recitation of its findings demonstrates careful consideration of the evidence and questions regarding the weight the court gave to Mother's period of sobriety do not sustain Mother's challenge on appeal. *See Mary Lou C.,* 207 Ariz. at 47, ¶ 8.

¶15　　　Viewing the evidence in the light most favorable to upholding its order, the court did not err in concluding that Mother's chronic drug abuse would persist for a prolonged indeterminate period, and such conclusion is supported by reasonable evidence.

**CONCLUSION**

**¶16** For the foregoing reasons, we affirm the superior court's order terminating Mother's parental rights to the Children.



AMY M. WOOD • Clerk of the Court
FILED:    AA