NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

FLORA FAWN PAPPAS, *Petitioner/Appellee,*

*v.*

PETER T. DARBY, *Respondent/Appellant.*

No. 1 CA-CV 20-0700 FC
FILED 1-25-2022

Appeal from the Superior Court in Maricopa County
No. FC 2016-001415
The Honorable Kerstin G. LeMaire, Judge

**AFFIRMED**

COUNSEL

Sullivan Law Office PLLC, Mesa
By Dianne Nicole Sullivan
*Counsel for Petitioner/Appellee*

Kimerer Law Group PC, Phoenix
By Teri D. McCall
*Counsel for Respondent/Appellant*

---

**MEMORANDUM DECISION**

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Brian Y. Furuya joined.

---

**B R O W N**, Judge:

¶1 Peter Darby ("Father") appeals the superior court's order granting Flora Pappas ("Mother") final legal decision-making authority over medical and mental health issues for their oldest child. For the reasons stated below, we affirm.

**BACKGROUND**

¶2 Under a 2016 consent decree of dissolution, Mother and Father agreed to joint legal decision-making authority over their two children, and equal parenting time. Three years later, Mother petitioned for final legal decision-making authority, alleging that Father refused to increase the oldest child's medication for Attention Deficit/Hyperactivity Disorder ("ADHD"). Mother also filed an emergency motion without notice seeking temporary final legal decision-making authority and an order that Father comply with all doctor-recommended treatment for the child. After a one-hour hearing, the court awarded Mother temporary final legal decision-making authority for the oldest child's medical issues.

¶3 Father then moved to appoint a court advisor based on significant conflicts between the parties. In his motion, Father made several allegations about Mother's sexual behavior that he claimed warranted further investigation. According to Father, the children's babysitter reported that Mother had engaged in inappropriate behavior in the children's presence. Father also made these allegations in his response to Mother's petition to modify. In support, Father submitted a notarized letter from the babysitter with the motion and response.

¶4 Mother denied these allegations and questioned the authenticity of the babysitter's letter. She moved for sanctions and asked the superior court to strike the allegations from Father's pleadings as frivolous, groundless, and unjustified. In response, Father argued that he had sufficient information to support the allegations and that issues of credibility should be decided at a hearing. Father also sought attorneys'

fees, asserting that Mother wrongfully accused him of making false allegations. The court denied Mother's motions without comment, appointed an advisor, and later denied Father's request for attorneys' fees.

¶5     Although the superior court originally set a three-hour hearing on Mother's petition, court staff emailed the attorneys less than two hours before the scheduled hearing to notify them that the hearing time would be reduced to 45 minutes per side.[1] Father filed a written objection immediately before the hearing, but neither party objected at the hearing. The court granted Mother's petition and awarded her final legal decision-making authority for the older child's medical issues. Father timely appealed, and we have jurisdiction under A.R.S. § 12-2101(A)(2).

## DISCUSSION

### A.     Reduction in the Hearing Time

¶6     Father argues the superior court abused its discretion and violated his due process rights by cutting the hearing time in half on short notice. He contends the reduction was unreasonable and prevented him from adequately presenting his case because there were several witnesses and numerous exhibits, and the issues centered on the parties' credibility. Due process claims are issues of law we review de novo. *Mack v. Cruikshank,* 196 Ariz. 541, 544, ¶ 6 (App. 1999).

¶7     The superior court has discretion to impose reasonable time limits for an evidentiary hearing. *Brown v. U.S. Fid. & Guar. Co.,* 194 Ariz. 85, 90–91, ¶ 29 (App. 1998). But the court must exercise that discretion consistent with due process, which requires that parties have "a reasonable opportunity to present testimony whenever resolution of a material contested issue hinges on credibility." *Volk v. Brame,* 235 Ariz. 462, 466, ¶ 14 (App. 2014). Time limits may be unreasonable if, during the hearing, "it becomes apparent that the court lacks sufficient time to receive adequate testimony . . . to perform its essential tasks." *Id.* at 468, ¶ 21.

¶8     Despite the reduced hearing time, the parties had over two hours combined to present evidence on two issues: (1) whether to grant Mother final legal decision-making authority for the oldest child's medical issues and (2) attorneys' fees. Contrary to Father's contentions, the superior court did not decide the issues solely on exhibits unsupported by any testimony; it heard testimony from the parties and three other witnesses.

---

[1]     Despite the superior court's reduction of the hearing time to 90 minutes, the hearing ended up lasting over two hours.

Nonetheless, Father argues the shortened hearing prevented him from adequately addressing the admitted exhibits and refuting Mother's allegations.

¶9        Specifically, Father contends he could not adequately address Mother's allegation that he refused to agree to medicate the child or to allow a change in the child's medication.  The record belies his contention.  Throughout his testimony, Father made clear that he was not opposed to medicating the child, but wanted to increase the dose slowly and consider supplemental treatments.  He also stated that, unlike Mother, he did not think changes in the child's behavior warranted an immediate change or increase in medication.

¶10       Father also argues he was unable to show that the doctors based their recommendations solely on Mother's statements about the child's symptoms.  Yet, Mother admitted that the doctors relied on her statements about the child's behaviors.  Mother told the doctors what the child's teachers, babysitters, and relatives reported, but she did not provide the doctors any letters from those third parties.  Father also testified that one doctor increased the child's medication based on Mother's statements, which failed to provide a complete picture of the information from the child's school.

¶11       The parties also disputed whether Mother sought to increase the child's medication without consulting Father.  Although Father contends he could not challenge Mother's testimony on this issue due to time restraints, his attorney specifically asked Mother about the matter.  According to Mother, she called the doctor to schedule an appointment to discuss the child's medication and did not ask to increase the dose.  Mother claimed the doctor increased the dose immediately and she called back to express her concern about how Father would react.  Father pointed out that in his view, the medical record related to this call contradicted Mother's testimony.  He testified that Mother asked the doctor to increase the dose without Father's consent.

¶12       Father also argues Mother's attorney asked leading questions, comparing it to a trial by avowal that violates due process.  *See Volk,* 235 Ariz. at 469, ¶ 23.  Although Father's attorney objected to the leading questions, she apparently withdrew the objection after Mother's attorney agreed she could ask the same questions.  Thus, we decline to consider this argument.

¶13 Our review of the record shows that contrary to his assertions on appeal, Father adequately addressed the factual disputes and challenged Mother's credibility on these issues. To prevail, Father must show an abuse of discretion and prejudice as a result of the time limitation. *Brown,* 194 Ariz. at 91, ¶ 30. Although the timing and manner of the court's decision to reduce the time previously allotted to the parties created an unnecessary risk of violating the parties' rights to due process, Father has failed to show he was prejudiced by the reduction.

## B. Father's Request for Sanctions

¶14 Father argues the superior court abused its discretion and violated due process by excluding testimony related to his claim for attorneys' fees under A.R.S. § 25-415(A).[2] We review evidentiary rulings for an abuse of discretion, *see E.R. v. Dep't of Child Safety,* 237 Ariz. 56, 60, ¶ 19 (App. 2015), and review due process claims de novo, *Mack,* 196 Ariz. at 544, ¶ 6.

¶15 Father's motion and response alleged that Mother engaged in inappropriate behavior in the children's presence. Mother denied these allegations and sought sanctions because she believed that Father knew the allegations were groundless. She also accused Father of coercing the babysitter to make false statements to support his request for a change in legal decision-making and parenting time. In response, Father argued that Mother knew her accusation that he made false statements was untrue, asserting the babysitter's deposition testimony confirmed his allegations. Father asserted he was entitled to attorneys' fees because Mother knowingly accused him of making a false claim that she knew was true, failed to notify Father of a canceled deposition, and provided untruthful testimony. *See* A.R.S. § 25-415(A)(2).

---

[2] Section 25-415(A) provides, in relevant part:

> The court shall sanction a litigant for costs and reasonable attorney fees incurred by an adverse party if the court finds that the litigant . . . (1) [k]nowingly presented a false claim under § 25-403, 25-403.03 or 25-403.04 with knowledge that the claim was false [or] (2) [k]nowingly accused an adverse party of making a false claim under § 25-403, 25-403.03 or 25-403.04 with knowledge that the claim was actually true.

**¶16**      The superior court found that neither party acted unreasonably in the litigation and neither party knowingly made false claims about the other, nor did they accuse each other of making false claims they knew to be true.  Our review of the record shows, contrary to Father's contention, that the court did not exclude relevant evidence about his allegations regarding Mother's behavior or rely solely on the exhibits to decide issues of credibility.  The court resolved credibility issues to make these findings, and only excluded testimony that described Mother's alleged inappropriate behavior because it predated the consent decree.  The court heard evidence from the parties regarding the truth of the allegations raised in the pleadings, which was the pertinent issue under § 25-415(A).  It did not abuse its discretion by excluding the testimony describing the alleged behavior.

**¶17**      Father also argues the reduced hearing time prevented him from adequately presenting his claim for attorneys' fees, which turned on issues of credibility.  But Father did not explain what other evidence he would have presented to challenge Mother's credibility, nor did he ask Mother any questions about this issue on cross-examination.  Thus, Father has not shown how he was prejudiced by the reduced time.  *See Brown,* 194 Ariz. at 91, ¶ 30.

## C.      Evidence Supporting the Court's Findings

**¶18**      Father contends the superior court abused its discretion because the evidence does not support several findings.[3]  We review the court's legal decision-making orders for an abuse of discretion and accept

---

[3]      Father makes several trivial, if not frivolous, assertions about the superior court's findings. Nothing in the court's ruling indicates that such findings influenced the court's overall decision, which was based on the parties' significant conflict over how to best treat the child's ADHD.  As such, we summarily reject Father's arguments that (1) the evidence does not support the finding that Mother maintains the children's relationship with their paternal grandparents because Father is estranged from his parents; (2) the record shows he has a wife, not a girlfriend; and (3) the court's finding that Mother is the "driving force" in the child's daily activities was based on solely Mother's pretrial statement.   Father also argues the evidence does not support Mother's contention that he does not follow doctor recommendations and that this harms the child.  However, the court made no such finding.

the findings of fact absent clear error. *Engstrom v. McCarthy*, 243 Ariz. 469, 471, ¶ 4 (App. 2018).

**¶19**　　　　Father argues the evidence does not support the court's finding that he advocated for the use of naturopathic medications to treat the child in lieu of prescription medication. Contrary to Father's contention, the court did not make such a finding. Instead, it found:

> [The child] has [ADHD] of a sufficiently significant nature that it requires medical intervention to treat to ensure he succeeds in school. This is the one area where the parent[s'] conflict is the most extreme. Mother wishes to treat the condition using traditional methods, including prescription medications. Father, who has [ADHD], is advocating for the use of naturopathic medications, likely encouraged by his girlfriend, who is studying to be a naturopath. Given the lack of large scale, scientifically rigorous studies on the use of naturopathic medicines to successfully treat children with [ADHD], the Court finds it appropriate to allow Mother to take the lead on this issue.

Nowhere did the court find that Father advocated for naturopathic treatments *in lieu of prescription medication*. The evidence showed that Father did, in fact, advocate for naturopathic treatment to supplement traditional medication. Mother testified that there was no naturopathic treatment protocol for ADHD, and Father confirmed that none of the child's doctors recommended only natural treatments.

**¶20**　　　　Father also contends there was evidence in the record showing that he acted reasonably regarding the child's medical treatment. However, we do not reweigh the evidence on appeal. *See Hurd v. Hurd*, 223 Ariz. 48, 52, ¶ 16 (App. 2009). The record supports the court's finding that the parties have significant conflict over how to treat the child's ADHD due, in part, to Father's desire to supplement medication with other naturopathic treatments.

**¶21**　　　　Father challenges the finding that his allegations about Mother's behavior increased the cost of litigation and confused the issues. Initially, Father argued that Mother's pre-decree conduct warranted modification of the parenting plan and a court-appointed advisor. Although he later withdrew his assertion that modification of the existing orders was necessary based on Mother's alleged inappropriate behavior, his allegations still complicated the issues and thus increased the cost of

litigating what was otherwise a single-issue petition to modify medical decision-making.

¶22     Given the uncontroverted evidence that the child was responding well to the traditional medication protocol and the significant parental conflict, we cannot say the court abused its discretion in awarding Mother final legal decision-making authority over the child's medical issues.

## CONCLUSION

¶23     We affirm the order granting Mother final legal decision-making authority for the older child's medical issues.  Both parties request attorneys' fees on appeal under A.R.S. § 25-324.  In our discretion, we deny both requests.  As the successful party on appeal, Mother is awarded taxable costs on appeal upon compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED:     AA