NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

IN RE TERMINATION OF PARENTAL RIGHTS AS TO S.O.

No. 1 CA-JV 24-0057
FILED 06-25-2024

---

Appeal from the Superior Court in Mohave County
No. S8015JD202300040
The Honorable Rick A. Williams, Judge

**AFFIRMED**

---

COUNSEL

Robert D. Rosanelli, Attorney at Law, Phoenix
By Robert D. Rosanelli
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By Amber E. Pershon
*Counsel for Appellee Arizona Department of Child Safety*

_____

**MEMORANDUM DECISION**

_____

Judge D. Steven Williams delivered the Court's decision in which Presiding
Judge Daniel J. Kiley and Judge Kent E. Cattani joined.

_____

**W I L L I A M S**, Judge:

**¶1**        Breanna N. ("Mother") appeals the juvenile court's order
terminating her parental rights. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

**¶2**        Mother's parental rights were previously terminated to her
two oldest children.

**¶3**        In April 2023, Mother gave birth to her third child, S.O., who
is the subject of this appeal. S.O. was born substance-exposed to
amphetamine and THC. DCS intervened, took temporary custody of the
child, and petitioned for dependency. In August 2023, the juvenile court
adjudicated S.O. dependent.

**¶4**        DCS was prepared to offer Mother a variety of reunification
services, including parenting classes, behavioral health services, supervised
visitation, drug and alcohol treatment, and transportation services, among
others. But Mother went missing shortly after S.O.'s birth and, despite
DCS's efforts to locate Mother through a formal "parent locate request" and
contacting known relatives, her whereabouts remained unknown until
December 2023, when she was arrested on a warrant for drug charges and
incarcerated in the Mohave County jail.

**¶5**        In January 2024, the DCS case manager contacted Mother at
the jail. Mother indicated she wanted to see her son. In early February,
Mother was released from jail and began treatment at a sober living facility
that did not allow contact outside of the facility for the first thirty days of
participation.

**¶6**        Later that month, the juvenile court held a termination
adjudication hearing. Though the juvenile court commended Mother for
her "good start on her road to recovery" by moving into a sober living
facility, it also noted Mother failed to "engage[] in services up until her
discharge from jail about ten days ago" and "has not completed any sort of

relapse prevention class." The court concluded Mother's efforts at rehabilitation were "too little too late."

**¶7** The court terminated Mother's parental rights based on (1) abandonment, (2) a history of chronic substance abuse, and (3) a prior severance of her parental rights to another child within the last two years. The court also found termination of Mother's parental rights was in S.O.'s best interests. *See* A.R.S. § 8-533(B)(1), (3), (10).

**¶8** Mother timely appealed. We have jurisdiction under Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 8-235(A), 12-120.21(A)(1), and 12-2101(A)(1).

## DISCUSSION

**¶9** Mother challenges whether DCS made reasonable efforts to provide her with appropriate reunification services before the juvenile court terminated her parental rights. *See* A.R.S. § 8-533(B)(1), (3), (10). Specifically, she argues the court abused its discretion when it denied her request for additional time to participate in reunification services.

**¶10** Though fundamental, a parent's right to the care, custody, and control of her child is not absolute. *Michael J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 246, 248, ¶¶ 11–12 (2000). A court may terminate parental rights if it finds, by clear and convincing evidence, the existence of at least one of the statutory grounds enumerated in A.R.S. § 8-533(B), *id.* at 249, ¶ 12, and, by a preponderance of the evidence, that termination is in the child's best interests, *Kent K. v. Bobby M.*, 210 Ariz. 279, 284, ¶ 22 (2005). We will uphold a termination order unless the juvenile court abused its discretion or clearly made erroneous findings. *E.R. v. Dep't of Child Safety*, 237 Ariz. 56, 58, ¶ 9 (App. 2015).

**¶11** Generally, DCS is obligated to make "a diligent effort to provide appropriate reunification services" before the court may terminate parental rights. *See* A.R.S. § 8-533(B)(8) (stating evidence sufficient to justify termination of the parent-child relationship on grounds of a court-ordered out-of-home placement necessarily includes that "the agency responsible for the care of the child has made a diligent effort to provide appropriate reunification services"); *see also Santosky v. Kramer*, 455 U.S. 745, 753 (1982) (explaining that efforts to preserve the family are necessary elements of any state attempt to overcome the "fundamental liberty interest of the natural parents in the care, custody and management of their child."). However, the obligation to provide reunification services does not exist when the statutory basis for termination is abandonment. *Toni W. v. Ariz. Dep't of*

*Econ. Sec.*, 196 Ariz. 61, 65–66, ¶¶ 12–15 (App. 1999) (diligent efforts to provide reunification services are not required in abandonment cases because of the absence of an existing parent-child relationship).

**¶12**     Here, though the juvenile court found three separate statutory grounds as independent bases justifying termination of Mother's parental rights, Mother challenges only two of them. She does not challenge the court's finding as to abandonment, nor does she challenge the court's finding as to the child's best interests. *Crystal E. v. Dep't of Child Safety*, 241 Ariz. 576, 577, ¶ 5 (App. 2017) (failing to challenge a statutory ground for termination of parental rights generally results in abandonment and waiver of that issue). As for the abandonment ground, DCS was not obligated to provide Mother with reunification services. *See Toni W.*, 196 Ariz. at 66, ¶ 15.

**¶13**     The juvenile court's unchallenged finding of abandonment is, alone, a sufficient statutory ground for termination. *See Raymond F. v. Ariz. Dep't of Econ. Sec.*, 224 Ariz. 373, 376, ¶ 14 (App. 2010) ("[W]e will affirm the termination if any one of the statutory grounds is proven."). Because we affirm the juvenile court's termination order on abandonment grounds, we need not address its findings justifying termination on other grounds. *Michael J.*, 196 Ariz. at 251, ¶ 27. On this record, Mother has shown no error.

## CONCLUSION

**¶14**     Based on the foregoing, we affirm.

