NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

MIRIAM F., *Appellant*,

*v.*

DEPARTMENT OF CHILD SAFETY, G.B., M.B., *Appellees*.

No. 1 CA-JV 19-0208
FILED 11-21-2019

Appeal from the Superior Court in Maricopa County
No. JD531721
The Honorable Karen L. O'Connor, Judge

**AFFIRMED**

COUNSEL

Robert D. Rosanelli Attorney at Law, Phoenix
By Robert D. Rosanelli
*Counsel for Appellant*

Arizona Attorney General's Office, Mesa
By Lauren J. Lowe
*Counsel for Appellee Department of Child Safety*

---

## MEMORANDUM DECISION

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Presiding Judge Jennifer B. Campbell and Judge Michael J. Brown joined.

---

**W I N T H R O P**, Judge:

¶1        Miriam F. ("Mother") appeals the juvenile court's order terminating her parental rights to G.B., born August 28, 2009, and M.B., born September 7, 2010 (collectively, the "children"). Mother concedes the children have been in out-of-home care for over nine months, but argues insufficient evidence supported the court's finding that she substantially neglected or willfully refused to remedy the circumstances that cause the children to be in an out-of-home placement. *See* Arizona Revised Statutes ("A.R.S.") section 8-533(B)(8)(a). For the following reasons, we affirm.

### FACTS[1] AND PROCEDURAL HISTORY

¶2        Mother and Giovanni O. ("Father"),[2] have a history of domestic violence and substance abuse that often resulted in police involvement. During one such incident in California in May 2017, Mother was intoxicated and assaulted Father and another victim in her home when Father came to drop off the children. When the police arrived and attempted to place Mother under arrest for domestic violence, Mother grabbed the children and would not let go. The officer was able to grasp Mother, but she then tried to break his grip and run away before eventually being arrested. Soon after this incident, Mother brought the children to Arizona and they began living with their paternal aunt and uncle ("Aunt and Uncle").

¶3        Mother returned to California and had no contact with the children for nearly a year. In May 2018, Aunt and Uncle initiated guardianship proceedings. Shortly thereafter, the appointed guardian *ad*

---

[1]        We review the facts and reasonable inferences therefrom in the light most favorable to affirming the juvenile court's order. *Ariz. Dep't of Econ. Sec. v. Matthew L.*, 223 Ariz. 547, 549, ¶ 7 (App. 2010).

[2]        Father left the country in February 2018 and is not party to this appeal.

*litem* initiated a dependency petition alleging that Mother had a history of substance abuse and domestic violence, and that she had failed to maintain contact with or provide for the children's basic needs. The Department of Child Safety ("DCS") was joined as a party and, on August 22, 2018, the juvenile court found the children dependent and approved the case plan and services recommended by DCS, which included drug testing, domestic violence counseling, parenting classes, and substance-abuse counseling.

¶4 At the same time, Mother was going through dependency proceedings in California regarding another child. In connection with those proceedings, Mother completed two parenting classes in California and began participating in drug testing; however, she failed to attend or complete any substance-abuse treatment or domestic violence counseling. Mother did not engage in any counseling or treatment services in Arizona.

¶5 Mother was given the opportunity to have supervised phone and in-person visits with the children in Arizona. From June to September 2018, Mother had thirteen opportunities to participate in phone visits with the children; however, Mother only talked to the children four times. Mother completed two in-person visits with the children when she was in Arizona for court proceedings. Mother had scheduled a third visit with the children on December 21, 2018, but informed the case manager two hours before the visit that she would not be coming to Arizona. Mother tried to talk to the children on the phone after this missed visit, but the children refused to talk with her. In January and February 2019, four more phone visits were cancelled because Mother failed to call; as a result, DCS discontinued the phone visits based on Mother's noncompliance.

¶6 On May 1, 2019, DCS filed a motion to terminate parental rights to the children, citing Mother's failure to contact her children or participate in services. On May 31, Mother failed to appear for a report and review hearing and, over objection from Mother's counsel, the court granted DCS' motion to immediately proceed on the merits of the severance petition. As of that date, Mother had not contacted the children—either in person or by phone—since January 2019. At that point, the children had been living with Aunt and Uncle for two years and had been in DCS custody for twelve months. After considering the evidence presented, the court terminated Mother's parental rights, finding: first, the children had been in an out-of-home placement for over nine months and second, Mother had substantially neglected or willfully refused to remedy the circumstances that cause the children to be in an out-of-home placement by refusing to participate in services with DCS.

**¶7** Mother filed a timely notice of appeal. We have jurisdiction pursuant to A.R.S. § 8-235(A) and Rule 103(A) of the Arizona Rules of Procedure for the Juvenile Court.

## ANALYSIS

### I. Standard of Review

**¶8** A court may sever parental rights if it finds clear and convincing evidence of one of the statutory grounds for severance and finds by a preponderance of the evidence that severance is in the children's best interests. *See* A.R.S. §§ 8-533(B), -537(B); *Kent K. v. Bobby M.*, 210 Ariz. 279, 281-82, 288, ¶¶ 7, 41 (2005). As the trier of fact in a termination proceeding, the juvenile court "is in the best position to weigh the evidence, observe the parties, judge the credibility of witnesses, and resolve disputed facts." *Jordan C. v. Ariz. Dep't of Econ. Sec.*, 223 Ariz. 86, 93, ¶ 18 (App. 2009) (quoting *Ariz. Dep't of Econ. Sec. v. Oscar O.*, 209 Ariz. 332, 334, ¶ 4 (App. 2004)).

**¶9** We review the juvenile court's order severing a parent's rights for an abuse of discretion, and we will not disturb the court's order unless no reasonable evidence supports its factual findings. *E.R. v. Ariz. Dep't of Child Safety*, 237 Ariz. 56, 58, ¶ 9 (App. 2015); *Matthew L.*, 223 Ariz. at 549, ¶ 7. If the evidence supports any one ground upon which the juvenile court terminated parental rights, we may affirm on that ground and need not address any other grounds. *Jesus M. v. Ariz. Dep't of Econ. Sec.*, 203 Ariz. 278, 280, ¶ 3 (App. 2002).

### II. Termination Pursuant to A.R.S. § 8-533(B)(8)(a)

**¶10** Mother argues the juvenile court erred in terminating her parental rights based on the nine-month time-in-care ground because she had adequately participated in reunification services. *See* A.R.S. § 8-533(B)(8)(a). Mother concedes the children have been in an out-of-home placement for over nine months.

**¶11** The juvenile court may terminate parental rights under A.R.S. § 8-533(B)(8)(a) if DCS has made a diligent effort to provide the parent with reunification services and:

> [t]he child has been in an out-of-home placement for a cumulative total period of nine months or longer pursuant to court order or voluntary placement pursuant to § 8-806 and the parent has substantially neglected or wilfully refused to

remedy the circumstances that cause the child to be in an out-of-home placement.

**¶12** A parent who makes an "appreciable, good faith effort[] to comply with remedial programs" provided by DCS will not be found to have substantially neglected to remedy the circumstances causing the child to be in an out-of-home placement; however, if a parent makes only "sporadic, aborted attempts to remedy[,]" the juvenile court is "well within its discretion in finding substantial neglect and terminating parental rights on that basis." *Maricopa Cty. Juv. Action No. JS-501568*, 177 Ariz. 571, 576 (App. 1994).

**¶13** Here, Mother does not challenge the finding that the children have lived in an out-of-home placement for nine months or longer, nor does she challenge the adequacy of reunification services provided by DCS. Instead, Mother argues she has shown an appreciable effort to participate in services. In support of this contention, Mother maintains that she has been participating in regular drug testing in California and has tested clean since February 2019. She also argues that she has completed two parenting classes and has participated in phone and in-person visits with the children on multiple occasions.

**¶14** We find, however, that reasonable evidence in the record supports the juvenile court's finding that Mother has substantially neglected or willfully refused to remedy the circumstances that cause the children to be in an out-of-home placement. Although Mother has shown a few months of sobriety, she has failed to engage in any substance-abuse treatment or counseling or to participate in domestic violence counseling as recommended by DCS and approved by the court. Moreover, Mother has failed to make more than sporadic efforts to contact the children, to provide for their needs, or to maintain any sort of stable, parental relationship with them. Of the five phone visits Mother did participate in with the children, four calls ended early due to Mother calling late, becoming frustrated with the children, or not having anything else to say. On this record, the juvenile court did not abuse its discretion in finding Mother substantially neglected to remedy the circumstances that cause the children to be in an out-of-home placement by refusing to participate in services with DCS.

### III. *Chronic Substance Abuse*

**¶15** Mother also argues there is insufficient evidence in the record to support termination of her parental rights on the ground of chronic substance abuse under A.R.S. § 8-533(B)(3).

**¶16**        "If clear and convincing evidence supports any one of the statutory grounds on which the juvenile court ordered severance, we need not address claims pertaining to the other grounds." *Jesus M.*, 203 Ariz. at 280, ¶ 3; *see also* A.R.S. § 8-533(B) (requiring sufficient evidence to justify the termination of the parent-child relationship on "any one" of the enumerated termination grounds).  Because reasonable evidence supports the juvenile court's decision to terminate Mother's parental rights on the nine-month time-in-care ground under A.R.S. § 8-533(B)(8)(a), we need not address the chronic substance abuse ground.

### IV.    Best Interests of the Children

**¶17**        Mother does not challenge, and has therefore waived any argument regarding, the juvenile court's finding that severance was in the children's best interests.  *See Crystal E. v. Ariz. Dep't of Child Safety*, 241 Ariz. 576, 577, ¶ 5 (App. 2017).  Nevertheless, we note reasonable evidence supports the finding.  *See generally Maricopa Cty. Juv. Action No. JS–500274*, 167 Ariz. 1, 5 (1990) ("[B]est interests of the child are a necessary, but not exclusively sufficient, condition for an order of termination.").  Here, the juvenile court found the children are residing together in an adoptive placement with extended family members, which is meeting all of their needs.  *See Audra T. v. Ariz. Dep't of Econ. Sec.*, 194 Ariz. 376, 377-78, ¶¶ 5-6 (App. 1998) (recognizing maintaining sibling relationships as a factor supporting a best-interests finding).  Moreover, termination of Mother's rights furthers the case plan of adoption, which would provide the children with stability and permanency.  *See Oscar O.*, 209 Ariz. at 334, ¶ 6.  Accordingly, reasonable evidence in the record supports the court's finding that terminating Mother's parental rights was in the children's best interests.

### CONCLUSION

**¶18**        For the foregoing reasons, we affirm the juvenile court's order terminating Mother's parental rights to the children.

